# SAMUEL L. BAILEY

## *v.*

# WILLIAM GODFREY *et al.*

54  507
27a  386
54  507
130  331
54  507
39a  177
54  507
153  466
54    507
d90a  1527
54    507
101a  7  35

1.  TROVER—*when it will lie against a purchaser of chattels from a mortgagor.*  Although a mortgagee of chattels may never have had actual possession of the mortgaged property, the mortgage providing that the mortgagor might retain the possession, yet, where the mortgage also provides that, should the mortgagee at any time feel himself "unsafe or insecure," he may take immediate possession of the property, wherever it can be found, a right to the immediate possession will accrue to the mortgagee at any time he may elect to assert it; so that if the mortgagor should sell the property, without the knowledge of the mortgagee, the latter may maintain an action of trover against the purchaser therefor.

2.  In this case the remedy was given against a purchaser, who bought the property from the mortgagor in a county other than that in which the mortgage was executed and recorded, to which it was removed from the latter county without the knowledge of the mortgagee.  It was held, that whoever purchased from the mortgagor, took the property with constructive notice of the rights of the mortgagee.

3.  SAME—*extent of recovery in such case.*  In such case it is not essential to the right of recovery, that the mortgagee should show that other property embraced in the mortgage, besides that in respect to which the action was brought, was insufficient to satisfy the mortgage debt, or that he had been unable to reduce such remaining property to possession.

4.  Though the defendant may plead, in reduction of the mortgagee's special interest in the property, that other property was embraced in the mortgage, which the mortgagee has reduced to possession, in reduction of his mortgage debt, the extent of recovery in such case being, the amount of the mortgage indebtedness.

5.  BURDEN OF PROOF.  In case the defendant pleads such matters in defense, the burden of proving them rests upon him.

6.  QUESTION OF LAW OR FACT.  Whether a chattel mortgage is proved to have been duly acknowledged and recorded, is a question of law for the court, and should not be submitted to a jury.

7.  INSTRUCTION.  Even where an instruction states correctly a principle of law, yet if, in view of the facts, it is likely to mislead the jury, it should not be given.

APPEAL from the Circuit Court of Lee county; the Hon. W. W. HEATON, Judge, presiding.

This was an action of trover, brought by Bailey against Godfrey and Charters.

The title of the plaintiff to the property in controversy, was derived under a chattel mortgage, executed to him by Charles F. Green, on the twenty-sixth of April, 1869.   The mortgage stipulated that Green was to retain possession of the property until the day of payment, and contained a proviso, as follows:

"And, provided also, that if default in payment as aforesaid by said party of first part shall be made, or if said party of the second part shall, at any time before said notes, or either of them, become due, feel himself unsafe or insecure, that then the said party of the second part, or his attorney, agent, assigns or heirs, executors or administrators, shall have the right to take possession of said goods and chattels, wherever the same may or can be found, and sell the same at private or public sale," etc.

The instructions upon which the questions of law arise, are set forth in the opinion of the court.

Mr. WILLIAM BARGE, for the appellant.

Mr. B. H. TRUSDELL, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The questions presented by this record may all be considered on the errors assigned, that question the rulings of the court in giving, modifying and refusing instructions at the trial.

The appellant seeks to recover of the appellees, for the price and value of a certain lot of wool, sold by one Charles Green to the appellees, for which they paid him the full market price, which, it is alleged, belonged to the appellant, and which the appellees converted to their own use.

The action was brought in replevin, but the property not being found, a count was added in trover.

The appellant claims title to the property under and by virtue of a chattel mortgage, executed by the said Charles Green to him, which mortgage contained a condition that if, at any time before the notes became due, to secure which the mortgage was given, the mortgagee should feel himself " unsafe or insecure," he might, in that event, take immediate possession of the property described in the mortgage, wherever it could be found, and proceed to sell the same to satisfy his debt.

Before the notes became due, Green, the mortgagor, removed the property, without the knowledge or consent of the appellant, from Ogle county, where the mortgage was executed and recorded, to Lee county, and there sold the same to appellees. There is no evidence that tends to show that the appellees had any knowledge of the existence of a mortgage, or the lien created by it, at the time they purchased the wool from the mortgagor.

On the trial, the court held the law to be, and so instructed the jury, that " a stipulation in a chattel mortgage, that the mortgagor shall retain the use and custody of the mortgaged property until he makes default in the payment of the mortgage debt, will debar the mortgagee from recovering in trover the value of said property, which may be purchased of the mortgagor prior to such default."

If it is intended by this instruction to assert the principle that, before a party can recover in trover, he must either have the actual possession of the property, or the immediate right of possession thereof, then it certainly states a correct principle of law.  1 Chitty's Pl. 148, and authorities there cited.

We are unable to perceive that the rule attempted to be asserted in the instruction, has any application to the case before us—certainly not in the form as there stated.  An instruction may often contain a correct abstract principle of law, yet may be so worded as to tend to mislead a jury.  The true test to apply to this instruction, if we admit it states a correct principle of law, is, did it tend, in this instance, to mislead the jury on the facts submitted to them in this particular

case? It is undoubtedly true that a party, before he can maintain trover, must have had the actual possession of the goods claimed to be converted, or the right to the immediate possession thereof.

The exact question involved in this case may be logically stated thus: The clause in the mortgage which provided that, in case the mortgagee should feel " unsafe or insecure " in regard to his debt, gave the mortgagee the right to elect when he should take possession of the goods. By the express terms of the mortgage, the mortgagee was invested with the power to elect, and was made the sole judge of the happening of the contingency when he would elect, to take possession of the property. In his judgment, that contingency did happen when the mortgagor sold the property, and upon his election, his right to the possession of the property became immediate.

In the case of *Frisbee* v. *Langworthy,* 11 Wis. 375, where, by the express terms of the mortgage, the plaintiff was authorized to take possession of the property and sell it at any time he saw fit, or what is the same thing, at any time he deemed his debt insecure, it was held that replevin could be maintained in case the goods were levied on by an execution.

In *Welch* v. *Sackett et al.* 12 Wis. 243, the court affirmed the rule laid down in *Frisbee* v. *Langworthy,* and say, " we there held that a mortgagee of personal property, not in actual possession, might maintain replevin against a person taking the same in defiance of his rights, where, by the terms of the mortgage, he was entitled to take possession whenever he deemed that his interest, or the safety and security of the debt required."

In the case of *Spriggs* v. *Camp et al.* 2 Speers, 181, it was held that trover could be maintained at the suit of the mort·gagee, where the property was levied on in the hands of the mortgagor, after condition broken.

The reason for the rule in all these cases is, that the property is conditionally conveyed to the mortgagee, and is only in the permissive possession of the mortgagor, which the mortgagee may terminate for condition broken, or by the express terms of the mortgage itself.

The right to take immediate possession of the property before the mortgage debt becomes due, and even before default in payment, has been fully recognized by this court, in a case where the mortgage contained a clause very similar to the one contained in the mortgage in the case before us. *Fox* v. *Kitton,* 19 Ill. 519.

In that case the court say, " if default was made on the new security, it is not doubted that the plaintiff could take possession and sell ; equally so if, at any time after the extension and new security given, he should judge he was in danger, notwithstanding all his caution, of losing the debt thus attempted to be secured ; it is ' so nominated in the bond.' "

The fact that the property was sold by the mortgagor in this case, afforded the mortgagee ample reason to feel " unsafe and insecure " in regard to his debt. The property had been sold without his knowledge or consent. There is no evidence that indicates that the mortgagee had any knowledge of the intention of the mortgagor to sell the property, so that he could have made his election, and secured the identical property described in the mortgage. The sale was actually made before the mortgagee had any information on the subject.

The mortgage was duly executed and recorded, and the contract between the parties is one that is recognized by the law as valid ; it must be held, that whoever buys the property described in the mortgage, takes the same with constructive notice of the lien thereby created. By the express terms of the mortgage, the mortgagee, therefore, had the right to follow and reclaim the property wherever it could be found, and also the right to use, for that purpose, any appropriate common law action.

The court, in another instruction, told the jury in substance that the plaintiff could not recover if there was other property embraced in the mortgage, " without first showing that said other property was insufficient to satisfy said mortgage indebtedness, or that he had been unable to reduce said other property to his possession."

This instruction does not state a correct legal principle. It is true, however, that a party only having a special interest in

property, can only recover in an action for conversion, to the extent of that interest, and that he can not recover beyond his special interest in the property.

In the case of a mortgagee, he can not recover in an action for the conversion of the property, beyond the amount of his mortgage indebtedness. But the mortgagee has the undoubted right to have his debt satisfied out of any property embraced in the mortgage, to the extent of the amount due him. The defendants in this case, with great propriety, might have pleaded in reduction of the plaintiff's special interest in the property, that other property was embraced in the mortgage, and that the plaintiff had reduced the same to possession in reduction of his mortgage indebtedness. *Ward* v. *Henry,* 15 Wis. 239.

The burden of proof on these facts, if they existed at all, was on the appellees and not on the appellant. It was a matter of defense, and the party that would avail of such a defense, must make the proof.

The court modify the first instruction asked by the appellant, by adding the words, " provided, such mortgage is proved to have been duly acknowledged and recorded." This was error. It was in effect to submit to the jury, the question of the due acknowledgment of the mortgage. That was purely a question of law. In *Bullock* v. *Narrott,* 49 Ill. 62, it was held to be improper to submit such a question to the jury. The court there say, that it was a question of law for the court to determine on the mortgage being offered in evidence, whether it was duly acknowledged according to law.

For the error of the court in giving to the jury the improper instructions indicated, at the instance of the appellee, and in modifying on motion, the first instruction asked by the appellant, this judgment must be reversed and the cause remanded for a new trial.

*Judgment reversed.*

LAWRENCE, Chief Justice, and MCALLISTER, Justice, and THORNTON, Justice, dissent.