## James H. Lewis

*v.*

## John D'Arcy.

1. CHATTEL MORTGAGE—*rights of mortgagee when property is levied on under execution against mortgagor.* Where a chattel mortgage provided that the property therein mentioned should remain in the possession of the mortgagor until the indebtedness thereby secured became due, unless the mortgagee should, for any reason, feel unsafe or insecure, and elect to take immediate possession, it was *held*, that a levy upon the goods by an officer, and taking possession of the property under an execution against the mortgagor, gave the mortgagee a clear right to treat the condition of the mortgage broken, and to reclaim the possession, both as against the mortgagor and the officer making the levy.

2. In such case, the mortgagee, upon taking possession, would be compelled to offer the property for sale at once, and when his debt was satisfied, the remainder would be subject to the levy made by the officer.

APPEAL from the Circuit Court of Ford county; the Hon. O. L. DAVIS, Judge, presiding.

Mr. C. H. WOOD, and Messrs. FOSDICK & WALLACE, for the appellant.

Mr. JOHN R. KINNEAR, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The property involved in this action had previously been owned by Owen Sullivan. It had been mortgaged to appellee to secure a *bona fide* indebtedness. While in the mortgagor's possession, his interest in the property was levied upon by appellant, acting as a constable, by virtue of two writs of attachment, the property taken into his possession, and thereupon this action was brought in replevin by appellee, to recover possession.

The mortgage contained a clause giving the mortgagee the right, in case he should, at any time before the indebtedness secured by the mortgage became due, feel "unsafe or insecure," to take immediate possession and sell the property.

The property, by the terms of the mortgage, was to remain in the possession of the mortgagor until the indebtedness secured should become due, or unless the mortgagee should, for any reason, feel "unsafe or insecure," and elect to take immediate possession.

The property having been levied upon by the officer, and taken into his possession, the mortgagee, in accordance with the provisions of the mortgage, elected to treat the conditions as broken, and sought to reclaim the possession. This we think he had a clear right to do.

As was said in *Bailey* v. *Godfrey*, 54 Ill. 507, by the express terms of the mortgage, the mortgagee was invested with the

power to elect, and was made the sole judge of the happening of the contingency when he would elect, to take possession of the property. It had been levied upon, and was about to be exposed to sale. No doubt, if the sale had taken place, the property would have been bought by different purchasers, and scattered to distant portions of the country. These facts afforded the mortgagee ample reason to feel "unsafe and insecure" in regard to his debt. The contract between the parties is recognized in the law as valid, and no reason is perceived why he could not as lawfully take possession of the property, for this condition broken, as for non-payment on maturity of the indebtedness secured by the mortgage.

It is insisted that, inasmuch as the mortgagor, by the terms of the mortgage, had the possession, he had such interest in the property as was subject to levy and sale. This is, no doubt, true, where the mortgagor has the right to retain the possession for a definite period. This is the doctrine of *Beach* v. *Derby*, 19 Ill. 617, and *Spaulding* v. *Mozier*, 57 Ill. 148.

The property was conditionally conveyed to the mortgagee, and is only in the permissive possession of the mortgagor, which may be terminated at any time for condition broken, or when the mortgagee may feel "unsafe or insecure" in regard to his debt. His right to take possession can not be defeated by the levy of an attachment or execution. Although the levy may have been rightfully made while the property was in the hands of the mortgagor, still the mortgagee's right to make his election to reclaim it would prevail against the officer making the levy, as well as the mortgagor himself.

There is no hardship in this rule. The mortgagee, upon taking possession, would be compelled to offer the property for sale at once, and when his debt was satisfied, the remainder, no doubt, would be subject to the levy made by the officer. If it should require the sale of all the property to make the mortgagee's debt, the attaching creditor would not be injured, for the reason his levy was only upon the interest

of the mortgagor, and the sale would show he had no interest.

In this view of the law, the demurrer to the replication to appellant's second special plea was properly overruled, and the judgment must be affirmed.

*Judgment affirmed.*