77   293
31a  628
77   293
142  346
77   293
59a  552
77   293
82a  144

------

## MARY FURLONG

### *v.*

## SHEPHARD COX.

CHATTEL MORTGAGE—*mortgagee's right to reduce the property to possession.* A party leasing a hotel, gave the landlord a chattel mortgage on her furniture, bedding, etc., to secure the payment of the rent. It provided that the mortgagor should retain possession until default in

payment, but authorized the mortgagee to take possession at any time he should think the property was in danger of being sold, removed, etc. The rent was regularly paid, but the mortgagee, without any cause to believe the property was in danger of being sold or removed, replevied the same, and, on the trial, did not testify that he even believed such danger existed: *Held*, that he was not entitled to recover, and that, before he could take possession, he must have had a reasonable apprehension that the property would be sold or removed.

APPEAL from the Circuit Court of Adams county; the Hon. JOSEPH SIBLEY, Judge, presiding.

Mr. G. W. FOGG, and Mr. JACKSON· GRIMSHAW, for the appellant.

Messrs. WHEAT, EWING & HAMILTON, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

In the month of March, 1873, appellant leased of appellee a hotel, and executed to him a mortgage on the furniture, bedding, etc., which belonged to her, to secure payment of the rent. The mortgage provided that appellee should retain possession and use the property until the money fell due, but contained a number of conditions, among which was one that appellee might, at any time he should think the property, or any part thereof, was in danger of being sold, removed, etc., take possession of the same. The rents were regularly paid, but appellee sued out a writ of replevin on the 17th of October, 1873, and seized the property.

On a trial, the jury found that a portion of the property replevied was not embraced in or subject to the mortgage, and to that extent found for appellant, and, as to the other, for appellee, and judgment was rendered accordingly.

The question presented and urged for a reversal, is, whether, under this reservation in the mortgage, appellee could exercise the right, without showing that there were grounds for thinking that the property was in danger of being sold,

removed, etc.; or could he, without showing any probability or reason for his believing there was danger, exercise the right. His counsel claim that the reservation was, in effect, an absolute right, which he could exercise at will, as though it had provided he might exercise the privilege whenever he might choose.

There was no evidence that there was, in fact, any danger, or even reason to suspect there was; nor does he even swear that he had any such apprehension. Appellee's counsel refer us to the cases of *Bailey* v. *Godfrey*, 54 Ill. 507, and *Lewis* v. *D'Arcy*, 71 Ill. ——, as settling this question.

It will be observed that in both of those cases there was evidence showing danger of loss, either by sale or levy, of the mortgaged property. But in this case there is no evidence that there was the slightest danger of loss, or even that appellee thought there was.

Inasmuch as appellant had done or omitted to do no act that would produce a forfeiture of the right of possession, appellant should at least have proved that he thought there was the danger specified. That was the express condition upon which he could take the property into possession. He had assented to the condition that he must think there was danger, before he could do so, and before he could justify the act, he should, at the least, have shown that such was his belief.

There can hardly be a doubt that appellant supposed, when she executed the mortgage, that appellee must, in good faith, based upon reasonable grounds, believe there was danger of sale or removal of the property. The property mortgaged, or property similar to it, was indispensable to her carrying on the business of keeping a hotel, and we could not suppose that a person at all capable of conducting business, would, under the circumstances, place it in the uncontrolled power of appellant, at any time, from pique, caprice, or mere whim, to strip the hotel of its furniture, close the business and render the lease worthless, and entail heavy loss; whilst she

might have been, and probably was, willing to give the power to take possession if she did any act, or if, from any other cause, there should be reasonable ground to suppose that there was danger. And as she placed her business so largely in appellant's power, she must have supposed he would be governed by circumstances in thinking there was danger, as would any other reasonable and fair business man.

If it was intended to give an uncontrolled option to appellant to take possession, why not have so stipulated? The right to take possession depended on his thinking there was danger. Had the condition been, that he might reduce the property to possession when he might choose, then it would have been different. We are clearly of opinion this case is widely different from the cases cited, as, in those cases, there was a sale, or danger of seizure under attachment, whilst here not the semblance of the slightest danger is shown to have existed, not even that appellant believed, on the slightest grounds, or even believed at all, that the danger existed.

The court erred in giving instructions not harmonizing with these views, and the judgment must be reversed and the cause remanded.

*Judgment reversed.*