### Robert J. Roy

v

### Alfred Goings.

*Filed at Mt. Vernon October 2, 1880.*

1. CHATTEL MORTGAGE—*right of mortgagee to take possession under insecurity clause.* Under a clause in a chattel mortgage, that if the mortgagee shall, at any time before the debt becomes due, "feel himself unsafe or insecure," he shall have the right to take possession of the mortgaged property, the mortgagee has the right to judge of the crisis for himself, subject only to the limitation that his judgment of insecurity must be exercised in good faith, upon reasonable grounds or probable cause.

2. This rule does not require that there should be actual danger, or that the proof should furnish the court, at the time of the trial, with reasonable ground to decide that there was actual danger, but it will be sufficient if, at the trial, it appears that at the time of the taking of possession there was apparent danger, such that a reasonable man might, in good faith, act upon, or, in other words, there should be reasonable grounds to believe there was danger, or that the mortgagee did not act without probable cause.

3. The feeling of insecurity mentioned in a chattel mortgage, as giving the mortgagee the right to take possession of the mortgaged property before the maturity of the debt, has reference to such feeling as is produced by some subsequent cause, or some cause not in being when the mortgage was executed. It is not sufficient that it arises from a question of law as to the validity of the mortgage as against third persons.

APPEAL from the Appellate Court for the Fourth District; —heard in that court on appeal from the Circuit Court of Pulaski county; the Hon. DAVID J. BAKER, Judge, presiding.

Mr. SAMUEL P. WHEELER, for the appellant:

When the mortgage contains such an insecurity clause as this, the mortgagee is the sole judge of the time when he should act. *Fox* v. *Kilton,* 19 Ill. 519; *Bailey* v. *Godfrey et al.* 54 Ill. 507; *Lewis* v. *D'Arcy,* 71 Ill. 648. The cases of *Furlong* v. *Cox,* 77 Ill. 293, and *Davenport* v. *Ledger,* 80 Ill. 574 do not change the rule.

Messrs. MULKEY & LEEK, for the appellee:

Counsel for appellant insists that the insecurity clause vested in the mortgagee an absolute right or option to take possession of the property, regardless of the question of cause.

An examination of the cases cited by counsel for appellant, will show that the decisions in them were based upon facts, showing that the mortgagee had reasonable ground to feel insecure. See *Furlong* v. *Cox*, 77 Ill. 293; *Davenport* v. *Ledger*, 80 Ill. 574.

Mr. CHIEF JUSTICE DICKEY delivered the opinion of the Court:

In January, 1878, Goings gave appellant, as part payment for a farm, a note, secured by a chattel mortgage, for the sum of $278.47, due March 1, 1879. The mortgage contained a clause which provided that if Roy should, at any time before the said promissory note became due, " feel himself unsafe or insecure," he should have the right to take possession of the property mortgaged. A description of part of the property mortgaged (as found in the mortgage), was as follows: "All crops to be grown in year 1878, on mortgagee's part of old Barber farm."

In October, 1878, Roy seized, by virtue of this mortgage, part of the crops grown on that farm in the year 1878, consisting of corn, tobacco and top fodder.

Goings (insisting that this taking was unlawful) brought an action of trover, and in the circuit court recovered $225 damages. Roy appealed to the Appellate Court for the Fourth District, where the judgment was affirmed, and from that judgment he brings the record to this court for review, upon the certificate of the Appellate Court that questions of law arise in the cause, of sufficient importance to require a decision by the Supreme Court. That court certifies that the following questions arise in the case:

First. Was the mortgage void or valid as to the crops subsequently planted and grown?

Second. If valid, could the mortgagee judge of the crisis for himself, or must he have reasonable grounds for his action, before taking possession under the terms of the instrument?

Third. If void, could the mortgagee take possession of the subsequent existing property, without some new act of the mortgagor or his assent, or without a state of facts which would justify the taking of possession under the terms of the instrument?

That court also certifies that they found, from the evidence, there were no reasonable grounds for taking possession under the terms of the instrument, and if the instrument was valid, the taking of possession was without just warrant, unless the mortgagee had the absolute right to judge of the crisis for himself.

*Bailey* v. *Godfrey et al.* 54 Ill. 507, was an action of trover, brought by Bailey to recover damages for the taking of property of Bailey, by virtue of a mortgage which contained a condition in the very words of the condition of the mortgage in this case,—that is, that if at any time before the notes become due, the mortgagee shall feel himself unsafe or insecure, he may, in that event, take immediate possession of the property described in the mortgage. In that case, this court said: "By the express terms of the mortgage, the mortgagee * * * was made the sole judge of the happening of the contingency."

The case of *Lewis* v. *D'Arcy* 71 Ill. 648, was an action of replevin, brought by D'Arcy against Lewis, a constable, who had seized, upon attachment, personal property, as the property of Sullivan, upon which property D'Arcy held Sullivan's chattel mortgage, duly recorded, etc., containing precisely the same condition—that the mortgagee might take immediate possession of the property, at any time before the indebtedness secured by the mortgage fell due, in case he

should feel unsafe or insecure. This court held in favor of D'Arcy, saying: "As was said in *Bailey* v. *Godfrey*, 54 Ill. 507, by the express terms of the mortgage the mortgagee was invested with the power to elect, and was made the sole judge of the happening of the contingency, when he would elect to take possession of the property."

In both of these cases this court held, upon the facts in each case, that the mortgagee "had ample reason to feel unsafe and insecure in regard to his debt."

The case of *Furlong* v. *Cox*, 77 Ill. 293, was an action of replevin, brought by Furlong against Cox, for the furniture of a hotel, which Furlong had mortgaged to Cox, and which Cox had seized by virtue of the mortgage before the mortgage debt was due, which mortgage contained a condition, that Furlong should retain the possession until the money fell due, with a further provision that Cox might, " at any time he should think the property, or any part thereof, was in danger of being sold, removed, etc., take possession of the same." This case was decided in favor of Furlong, and was distinguished from the cases of *Bailey* v. *Godfrey* and *Lewis* v. *D'Arcy, supra,* saying as to those cases, " It will be observed that in both of those cases there was evidence showing danger of loss, * * * but in this case there is no evidence that there was the slightest danger of loss, or *even that appellee thought there was.*" And it was there said, Cox should, " at least, have proved that he thought there was the danger specified. * * * And before he can justify the act (of taking) he should, at least, have shown that such was his belief."

It is again said, (speaking of the evident intention of the parties and the circumstances under which the mortgage was given), that Furlong supposed that Cox, before he could lawfully seize the property, "must, in good faith, based upon reasonable grounds, believe there was danger of sale or removal of the property," and that it was not the intention to "place it in the uncontrolled power (of Cox) at any time,

from pique, caprice, or mere whim, to strip the hotel of its furniture," etc. And it is further said, appellant " was willing to give the power to take possession if she did any act, or if any other cause should arise from which there should be reasonable ground to suppose that there was danger, * * and must have supposed he (Cox) would be governed by circumstances in thinking there was danger, as would any other reasonable and fair business man." Again it is said, "the right to take possession depended upon his thinking there was danger. Had the condition been that he might reduce the property to possession when he might choose, then it would have been different. We are clearly of opinion this case is widely different from the cases cited *supra*, as in those cases there was * * * danger, and whilst here not the semblance of the slightest danger is shown to have existed, not even that appellant believed on the slightest grounds, or believed at all that the danger existed."

In the case of *Davenport* v. *Ledger*, 80 Ill. 574, the ruling of the court in *Furlong* v. *Cox*, *supra*, is alluded to and approved. In the *Davenport case* the mortgage contained the same provisions as to the taking possession by the mortgagee, and the court charged the jury that "the chattel mortgage giving to the defendant the right to take possession of the goods if he felt (whether with sufficient cause or not makes no difference) that his debt was not safe and secure, he was, by the mortgage, made the sole judge upon that subject, and if he did so feel, the plaintiff has no right to recover," etc. While the decision of the *Davenport case* did not turn upon this instruction of the court, the court incidentally commented upon it, saying in substance, that it was more favorable to the mortgagee than he was entitled to have it, in that it omits the essential element, that his belief that he was unsafe or was insecure, *had reasonable grounds to support it.*

All these cases, carefully examined and properly understood, are in strict accord with each other in so far as they relate to

the construction to be placed upon this condition as to the right of taking possession by the mortgagee. The first two cases referred to lay down the law, that by the stipulation of the parties the mortgagee is made the sole judge as to whether the contingency has or has not happened upon which he is authorized to take possession. The latter two cases, recognizing the same proposition, that he is made the sole judge of the happening of the contingency, lay down the rule, that in judging of that contingency he must act in good faith, and must have reasonable grounds to support his belief. He must have probable cause for his belief. As was said in *Furlong* v. *Cox*, he must in good faith, based upon reasonable grounds, believe there was danger; and again, that he must have "reasonable grounds to suppose that there was danger."

The finding certified to us from the Appellate Court, as to the facts of the case at bar, gives us the basis on which that court ruled as to the law. That court certified that it appears from the evidence "there were no reasonable grounds for taking possession under the terms of the instrument, and if the instrument be valid the taking possession was without just warrant, unless the mortgagee had the *absolute* right to judge of the crisis for himself."

As shown above, the mortgagee, under such a mortgage had the right to judge of the crisis for himself, subject only to the limitation that his judgment must be exercised in good faith and upon reasonable grounds. This means reasonable ground, or probable cause, to think, or believe, or feel that there was danger which rendered the taking of the property by him proper under the agreement. This does not require that there should be actual danger, or that the proofs should furnish the court, at the time of the trial, with reasonable grounds to decide that there was actual danger. It was sufficient, if, at the trial, it appeared that at the time of the taking there was apparent danger, such that a reasonable man *might*, in good faith, act upon it; in other words, there should be reasonable grounds to believe that there was danger, or

that he did not act without probable cause. The Appellate Court has found there were no reasonable grounds for taking possession under the terms of the instrument. If this finding of the Appellate Court is to be understood to mean simply that there was, in fact, no such danger, such finding is not decisive of this case. It is not sufficient to show that the taking was illegal. If, however, the finding is to be understood as meaning that the mortgagee had no reasonable grounds to believe that his debt was unsafe and had no probable cause for the taking, it is decisive as against the legality of the taking.

Taking the whole record together, we think the true meaning of the finding of the Appellate Court, as stated in the same, is that there were, in fact, no reasonable grounds for the mortgagee to feel himself unsafe or insecure, and therefore hold their rulings correct.

The law on this subject, as laid down in the cases heretofore decided in this court, is plainly this, that by such contract the mortgagee is made the sole judge of the crisis in question, but that judgment must be exercised in good faith and upon probable cause. He is not at liberty to judge capriciously, or upon a mere whim, or maliciously. As indicated in *Furlong* v. *Cox, supra,* in such case the mere fact that the mortgagee declares that he feels himself unsafe and insecure is not conclusive. When that question is put in issue, and it appears from the proofs that the mortgagee had no probable cause or reasonable grounds to feel himself unsafe and insecure, the taking must be held unlawful; but it is not essential in such case that there should be real cause of danger. It is not necessary that the debt should, in fact, be unsafe or insecure. It is sufficient for this purpose that the circumstances are such that a reasonable man, thus situated, might, in good faith, believe himself unsafe and insecure.

It is insisted by the appellant in the case at bar that the mortgage, as a mortgage, was inoperative in giving the appellant title to the corn, tobacco and fodder grown upon the

Barber place during the year 1878, and that therefore the mortgage itself was no security for the debt; but appellant also insists that the mortgage was valid between the parties as an executory contract, and authorized appellant to take possession, if for any cause he felt unsafe or insecure, and hence the mere invalidity of the mortgage as a lien against third persons, was a sufficient ground to warrant such feeling of insecurity; and the question is very elaborately discussed as to whether a chattel mortgage can operate upon property not in being (potentially or otherwise), at the time of the execution of the mortgage.

We do not perceive that this question, so fully discussed, has any necessary bearing upon the decision of this case. From a fair construction of the language of this instrument, the feeling of insecurity which was, by the terms of the instrument, to give the mortgagee the right to take immediate possession, evidently had reference to such a feeling to be produced by some future cause,—by some cause not in being at the time when the mortgage was executed. We may assume, therefore, that counsel for appellant, if right in his views as to the effect of a chattel mortgage upon property not in being at the time of its execution, and that he is right in the position that the instrument is, nevertheless, an executory contract, and valid, as such, between the parties, still, it is obvious that a feeling of insecurity, to arise from a consideration of that question of law, was not such a feeling of insecurity as was meant and contemplated by the parties making the contract. This case must turn upon the question whether Roy, at the time he seized this property, did, in good faith, feel that he was unsafe or insecure from some cause which occurred after the making of the mortgage, and that he not only did in fact so feel, but that this was not without probable cause or reasonable grounds to feel thus. It is not necessary that it should appear at the trial that there were reasonable grounds to believe that his debt was unsafe or insecure, in point of fact, at that time. If there was, in fact,

apparent insecurity at the time of the taking, arising from facts and circumstances brought to his knowledge, it was sufficient to justify the taking, if he, in fact, from such cause, did feel unsafe and insecure, and acted from that motive. The Appellate Court have held the facts in this regard for appellee.

The judgment of the Appellate Court will, therefore, be affirmed.

*Judgment affirmed.*

SCOTT and SHELDON, J.J., dissenting: We think it enough that the mortgagee felt himself insecure, and that it is not necessary that, in addition thereto, there should have been probable cause for feeling himself insecure.