Follett, J.
Did the district court err in reversing the judgment of the court of common pleas? This depends upon the true construction to be given to the condition in the chattel mortgage that, “ if the said party of the second part shall at any time deem himself in danger of losing said debt, or any part thereof, by delaying the collection thereof, until the expiration of the time above limited for the payment thereof,” then Hart had the right to take possession of the tug; and whether or not Hart was a proper witness to testify, that at the commencement of this action bethought himself in danger of losing the debt, or a part thereof, if he longer delayed the collection thereof.
No claim is made that the expression, “ deem himself in danger,” as written in the mortgage, and “ thought yourself in danger,” as asked in the question, are not equivalent.
When the question was asked, Elizabeth Barrett objected “ on the ground that the witness could not be heard to testify as to what he thought about the danger of losing his debt, or a part of it.”
*44 Testimony was given that the tug was lying on her side sunk, on the bar in Lake Erie, outside the government piers, and seemed to be going down, that the machiueiy was under water, and being damaged thereby, and the deck planks were sprung, and that she was in danger of going to pieces, and that there was no one trying to get her off.
If these were facts there was danger of losing some part of the property mortgaged, and perhaps danger of losing some part of the debt.
The condition of the mortgage is, if Hart at any time shall deem himself in danger of losing the debt, or any part thereof.” Both parties have agreed that the state of Hart’s mind shall have something to do in determining whether or not he may take possession of the property before the claim is due.
The foots of danger are not made the condition ; but, that Hart shall deem himself in dangei\
To fulfill this condition, Hart cannot simply say he so thinks ; nor can he act from malice, or caprice. Still the state of his mind as to his danger of loss, is the determining fact agreed upon to decide whether or not he has a right to take possession. The mortgagee is made the judge, his mind is to be moved to a certain state, his judgment is to arrive at a certain conclusion, and his mind must be moved by facts — not opinions on questions of law, and the facts must be those arising after the giving of the mortgage.
The mortgagor trusts the mind of the mortgagee, such as that mind is, whether that be active, clear, strong and correct, or dull, weak and nearly certain to go wrong. And being thus trusted, the mortgagee must act in good faith; and when he thus acts and “ deems himself in danger of losing said debt, or any part thereof, by delaying the collection thereof, until the expiration of the time above limited for the payment thereof,” he may take possession of the property in accordance with the terms of the mortgage.
The facts of danger alone'cannot determine the breach of this condition. To a judge or jury on the trial, such facts may show only apparent, and not real danger, and yet the inert- *45 gagee deem and know tbe danger real; or to such judge or jury the facts may show real danger, and the mortgagee deem and know the danger only apparent.
The true standard must be, whether or not the mortgagee, acting in good faith, at the time deems himself in danger. And the mortgagee, if a competent witness in the case, may testify as to whether or not he then deemed himself in such danger. Then the grounds of such thought may be tested to ascertain whether or not he did deem himself in such danger.
In Roy v. Goings, 96 Ill. 361, Chief Justice Dickey reviews Bailey v. Godfrey, 54 Ill. 507, and Lewis v. D'Arcy, 71 Ill. 648, and Furlong v. Cox, 77 Ill. 293, and Davenport v. Ledger, 80 Ill. 574, which cases seem to be in conflict; and says: “ All these cases, carefully examined and properly understood, are in strict accord with each other in so far as they relate to the construction to be placed upon this condition as to the right of the taking possession by the mortgagee. If Eoy should £ feel himself unsafe or insecure,’ he should have the right to take possession.”
“ The first two cases referred to lay down the law, that by the stipulation of the parties the mortgagee is made the sole judge as to whether the contingency has or has not happened upon which he is authorized to take possession, the latter two cases, recognizing the same proposition, that he is ma.de the sole judge of the happening of the contingency, lay down the rule, that in judging of that contingency he must act in good faith and must have reasonable grounds to support his.belief. He must have probable cause for his belief. As was said in Furlong v. Cox, he must in good faith, based upon reasonable grounds, believe there was danger ; and again, that he must have reasonable grounds to suppose there was danger.”
And five to two of the judges in that case held that, “ under a clause in a chattel mortgage, that if the mortgagee shall, at any time before debt becomes due, ‘ feel himself unsafe or insecure,’ he shall have the right to judge of the crisis for himself, subject only to the limitation that his judgment of insecurity must be exercised in good faith, upon reasonable grounds or probable cause.”
*46 “ This rule does not require that there should be actual danger, or that the proofs should furnish the court, at the time of the trial, with reasonable grounds to decide that there was actual danger, but it will be sufficient if at the trial, it appears that at the time of taking possession there was apparent danger, such as a reasonable man might in good faith act upon, or in other words, there should be reasonable grounds to believe there was danger, or that the mortgagee did not act without probable cause.”
Scott and Shelden, JJ., dissenting said, “We think it enough that the mortgagee felt himself insecure, and that it is not necessary that in addition thereto there should have been probable cause for feeling himself insecure.”
The supreme court of Wisconsin, in Huebner v. Koebke, 42 Wis. 319, and in Cline v. Libby, 46 Wis. 123, held that, “ A clause in a chattel mortgage, providing that if the mortgagee shall at any time deem himself insecure, he may take possession of and sell the property, vests in him an absolute discretion; and his right does not depend upon his having reasonable ground for deeming himself insecure.” And in Evans v. Graham, 50 Wis. 450, the same court went fully as far.
In Huggans v. Fryer, 1 Lans. (N. Y.) 276, the supreme court of New York seem to recognize the same principles, and hold that the mortgagee’s “ testimony was competent upon the question whether he £ deemed himself unsafe’ to allow the property to remain in mortgagor’s possession.”
And in Smith v. Post, 1 Hun, 516, the supreme court of New York say, “The mortgage provided, that in case of default in payment, or in case the mortgagees should at any time deem themselves unsafe, they might take possession of the property and sell the same : Held, that this provision was for the benefit of the mortgagees, and authorized them to take possession when, in their judgment, they deemed it best for the safety of their demands so to do, and that no proof was required to show that they considered themselves unsafe, as the legal presumption would be that such was the fact, when possession was taken before the mortgage was due.”
*47 See also section 431, and cases cited, of Jones on Chattel Mortgages.
We cannot agree with those who hold that the mortgagee has an “absolute discretion,” and may act from the mere dictates of his own will; nor can we agree with those who hold that the mortgagee can act only on grounds that he can show to a court are reasonable.
The mortgagee should act in good faith, and his mind and judgment should be controlled by facts arising after the making of the mortgage, and in regard to the condition of the property mortgaged.

The judgment of the district court is affirmed.