## Thomas Grady
### v.
### Joseph T. Smith.

Chattel mortgage—Evidence.—A team, harness and two cows were taken by the appellant mortgagee, and sold under the provision in a chattel mortgage that the mortgagee might sell at any time before the maturity of the debt if he "felt himself unsafe or insecure, etc." Appellee, the mortgagor, brought an action of trespass for the taking of such property. Held, that it was error for the court to exclude evidence which tended to show the actual peril of appellant's claim and the necessity of enforcing the mortgage provisions in order to secure it, and it was error to admit evidence as to the condition of appellee's family, as such evidence was calculated to arouse the sympathy of the jury and had no tendency to prove either the wrong or the damage.

Appeal from the Circuit Court of De Kalb county; the Hon. Charles Kellum, Judge, presiding. Opinion filed February 29, 1884.

Messrs. Jones & Bishop, for appellant; cited Russell v. Butterfield, 21 Wend. 300; Story on Bailments, 204; Lyle v. Barker, 5 Bin. 460; Herman on Mortgages, 211.

Messrs. LAWELL & CARNES, for appellee.

PLEASANTS, J.   Appellee brought this action of trespass to October term, 1882, against appellant and one Timothy Hinds, a constable, for wrongfully taking two mares, two cows, and one set of double harness.   The plea of the general issue was filed, with a stipulation that all defenses which the evidence should tend to support should be considered filed, with proper replications thereto.   The suit was dismissed as to Hinds, and the trial resulted in a verdict and judgment against appellant for $184.28, damages.   A motion by defendant for a new trial was overruled and judgment entered on the verdict for the damages so found and for costs, from which he took this appeal.

The property mentioned, with some other, was embraced in a chattel mortgage from appellee to appellant, of January 3, 1882, to secure a note for $434 with interest at eight per cent. per annum, payable on January 1, 1884, and containing the common provision that if the mortgagee at any time before maturity of the debt " felt himself unsafe or insecure " with respect thereto, he might take possession and sell as in case of default in payment.   Under this provision appellant caused the constable, Hinds, to take possession for him and to sell the property so taken, which realized the sum of $145.72, less than its value, by reason of appellee's public declaration before the sale that he would contest its validity.

Appellee was of doubtful responsibility—a farm renter.   One Peleg Sweet, a former landlord, from whom he had gotten one of the mares, had taken and then held possession of her, claiming that she was his until paid for by appellee; the other mare had been removed with appellee's consent to the county of Lee; and he was himself about to remove and take with him the other stock and property mentioned to the same county where he had just rented a farm.

Under these circumstances the property was taken by the appellant, mortgagee, under the provision of the mortgage above stated; and we think in the light of legitimate testimony produced, that they justified him in so doing.   Fox v. Kitton, 19 Ill. 519; Bailey v. Godfrey, 54 Ill. 507; Lewis v.

D'Arcy, 71 Ill. 648; Roy v. Goings, 96 Ill. 361. That the jury did not so regard it, may very probably be due in large part to the refusal of the court to admit the evidence offered, that, by the agreement between appellee and Sweet the mare taken by the latter was, as between them, to be his until paid for by appellee, and that she was never so paid for, and to the admission of evidence, over appellant's objection, that appellee's family consisted of a wife and two children; that the latter were of the ages respectively of three years and eighteen months and that appellant knew that appellee's wife and children " had no other milk to keep them" than that obtained from the two cows taken, and that appellee " had no other team and harness to do his work with." We are of opinion that the court erred in respect both to that so excluded and to that so admitted. The former tended to show actual insecurity of appellant's claim and the necessity of enforcing the mortgage provision in order to secure it. The latter was well calculated to arouse the sympathy of the jury in behalf of the plaintiff, but had no tendency to prove either a wrongful or a specially malicious taking or the amount of the damage sustained. The presumption must be that the market value of the cows taken, which would not be affected by these circumstances, would replace them with others as milky. It is manifest that the jury did not regard it as ground for vindictive damage, because their verdict as to the amount was strictly based upon the testimony of Gordon Davis, the only witness on that subject besides the plaintiff and his brother, and who estimates the value of the property taken at $330, being $70 less than their estimate which agreed on $400. Deducting the proceeds of the mortgage sale, $145.72, as expressly instructed by the court to do in case they should find for the plaintiff, a balance was left of $184.28, the precise amount of the damages found. But that they were influenced by these rulings to find for the plaintiff what they understood to be the actual damages there is much reason to believe.

Appellant's counsel also argues that the court erred in its second instruction to the jury, which was to the effect that the total amount of damages found, whether punitive or

actual, if any, would be subject to a deduction of the amount indorsed on the note as the proceeds of the sale of the property in question under the mortgage, being $145.72; and that they should have been instructed to allow, by way of recoupment, the full amount of the mortgage debt remaining unsatisfied at the time of the taking. We can not consider this point as ground for reversal, for the reason that the third instruction asked by and given for the defendant himself was of precisely the same tenor. He can not, therefore, be heard to complain of it.

But since the judgment must be reversed for other reasons above given and the cause be tried again, the circuit court will doubtless carefully consider upon this question the cases of Stow v. Yarwood, 14 Ill. 426; Hubbard v. Rogers, 64 Ill. 434; Belelen v. Perkins, 78 M. 453, and of Russell v. Butterfield, 21 Wend. 300, and the authorities there cited.

For the errors above noted, the judgment of the circuit court is reversed and the cause remanded.

Reversed and remanded.