## ADA A. HYER, APPELLANT, *v.* GEORGE SUTTON, RESPONDENT.

*Chattel mortgage — taking possession of, and selling the chattels under the safety clause thereof — effect of doing so maliciously.*

Under a clause in a chattel mortgage, to the effect that if the mortgagee deemed the property or debt unsafe it should be lawful for her to take possession of such property and to sell the same, the mortgagee took and sold the property at public auction, and thereafter brought an action against the mortgagor for the balance of the debt, after crediting him with the proceeds of the sale of the chattels, alleging in the complaint that the plaintiff had deemed herself unsafe, and had good reason for such belief.

The answer denied these allegations and alleged that the " plaintiff took possession of said property in bad faith, and from motives not contemplated or provided for in said chattel mortgage, or connected with the fact or feeling of the security or insecurity of said property or debt, to wit, from malice and from a pressing need for money."

Upon the hearing of a demurrer, interposed by the plaintiff to this answer:

*Held,* that as the demurrer admitted that the plaintiff took the property, influenced by malice and from a pressing need of money, and not because she felt unsafe, she was not protected by the power conferred by the mortgage in so doing, and the answer should be sustained.

APPEAL by the plaintiff from a judgment of the Supreme Court, entered in the office of the clerk of the county of Erie on the 26th day of September, 1890, overruling the plaintiff's demurrer to part of the defendant's answer, with notice of an intention to bring up for review upon such appeal the decision and the order overruling said demurrer, dated the 22d day of September, 1890.

*Tracy C. Becker*, for the appellant.

*William S. Rann*, for the respondent.

CORLETT, J. :

On the 2d day of July, 1888, the defendant executed a chattel mortgage to the plaintiff to secure the sum of $700. It covered a printing press and some other personal property. It provided for payment within five years from the date of the mortgage, with semi-annual interest, with the right to pay $100 and interest at any time.

It provided that, in case of non-payment, the mortgagee could

enter the premises and take possession, and then contained the following clause: "And in case the said Ada A. Johnson shall at any time deem said property or debt unsafe, it shall be lawful for her to take possession of such property and to sell the same," etc.

On the 28th day of May, 1890, the plaintiff took the property, claiming that she deemed herself unsafe, and sold it at public auction for $118.65. The expenses of the sale amounted to thirty-eight dollars and fifty cents, leaving the amount unpaid, $630.85. This action was brought to recover the deficiency.

The complaint alleged, among other things, that the plaintiff deemed herself unsafe, and had good reason for such belief. The answer denied those allegations and alleged that the "plaintiff took possession of said property in bad faith, and from motives not contemplated or provided for in said chattel mortgage, or connected with the fact or feeling of the security or insecurity of said property or debt, to wit, from malice and from a pressing need for money."

The plaintiff demurred to the portion of the answer above quoted, and to another portion setting up a counter-claim upon the ground that such a plea was not permissible in an action of tort. The last branch of the demurrer was abandoned on the argument. The demurrer was heard at a Special Term in Buffalo in September, 1890, and was overruled, with costs. Judgment was entered, and the plaintiff appealed to this court.

The terms of the mortgage were such that the right of possession of the property described in it, remained in the defendant until the debt fell due, unless the plaintiff deemed herself unsafe. She took the property, claiming to have done so by virtue of this power conferred by the mortgage. The sole question upon this appeal is, whether the plaintiff had a right to take the property under the circumstances, and inspired by the motives stated in the answer.

The plaintiff's contention is that, as the answer admits, the mortgage to be a valid instrument, and that as something remains unpaid thereon, she had a right to take the property, and that malice or bad faith constituted no defense. The learned counsel cites several authorities in support of this position, but all of them proceed upon the assumption that the mortgagee deemed himself unsafe. Such was *Allen* v. *Vose* (34 Hun, 57) and all the cases cited.

The argument of the learned counsel for the appellant seems to proceed upon the theory that the taking of the property is conclusive evidence that the mortgagee deemed herself unsafe. In the absence of proof it would be assumed that the taking was by virtue of the authority conferred in the instrument, and no bad faith would be presumed. But the demurrer in the case at bar admits that the plaintiff took the property in bad faith, influenced by malice, and from a pressing need of money, and not because she felt unsafe. The plaintiff's contention cannot be sustained either upon principle or authority.

It is entirely clear that if a person takes property under such a clause in a mortgage, not because he deems himself unsafe or the debt insecure, but inspired by other and unjustifiable motives, he would not be protected by the power conferred in the instrument. ( *Werner* v. *Bergman*, 28 Kansas, 65 ; *Forlong* v. *Cox*, 77 Ill., 293 ; *Davenport* v. *Ledger*, 80 id., 574; *Roy* v. *Goings*, 96 id., 361.)

The judgment must be affirmed, with costs.

DWIGHT, P. J., and MACOMBER, J., concurred.