## Fred. Landenberger v. Julia A. Rector.

1. WAIVER—*Conditions of a Chattel Mortgage—Extending Payment is Not.*—A mortgagee does not, by extending the time for payment of a debt secured by a chattel mortgage, waive his right to take possession of the property under a provision of the mortgage giving him the right to do so "at any time he shall desire to."

2. CHATTEL MORTGAGES—*Conditions as to Taking Possession.*—A condition in a mortgage giving the mortgagee the right to take possession of the property whenever he may choose to do so, is valid and binding upon the parties, and taking possession under such a provision is not a tortious taking.

3. SAME—*Sale of Property Without Required Notice.*—An action for selling property under a chattel mortgage without giving the notice required by the mortgage of the time and place of the sale, lies against the mortgagee only, and not against him jointly with other persons who have no right or power to order the sale made.

Trespass, for taking personal property. Appeal from the Circuit Court of Richland County; the Hon. SILAS Z. LANDIS, Judge, presiding. Heard in this court at the February term, 1895. Reversed and remanded. Opinion filed July 1, 1895.

H. G. MORRIS, attorney for appellant.

ALLEN & FRITCHEY, attorneys for appellee.

MR. JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

Julia A. Rector, the appellee, bought of Oliver S. Hughes the hotel fixtures and furniture of the Olney House, which hotel Hughes was then conducting. At this time the following articles of said property were covered by a chattel mortgage, dated April 3, 1894, given by Hughes to appellant to secure a promissory note for $100, due October 3, 1894: One cow, two shoats, one hog, one sewing machine, one tent, one oak office table, two silver castors, complete; the entire lot of dishes contained in the Olney House, two lamps, four bedsteads with springs, mattress and bedding, two bureaus, two dressers, one sofa, one rocking chair, one office stand and mirror, six office chairs, one cook stove and

Landenberger v. Rector.

utensils complete, one clock and four ingrain carpets. Of the mortgaged property, the cow, hogs, sewing machine and tent were not included in the sale, but were reserved by Hughes. This mortgage provided the appellant should have the right to take possession of the mortgaged property at any time he should so desire and sell the same at public or private sale to the highest bidder for cash, after giving ten days' notice of the time and place of sale. Appellee had seen the mortgage and knew of these conditions. She bought the property subject thereto and agreed to pay Hughes' note secured thereby, but testified appellant promised her, before she had made the purchase, that if she did buy he would give her the full life of the mortgage and one month over, to pay the note, and relying on this promise she bought the hotel fixtures and furniture, and took possession of it and of the hotel June 27, 1894, and conducted the hotel business there until August 9th, a period of about one month and a half, and then quit the business, removed to her house in another part of town, turned over the possession of the hotel premises to the agent of the lessor, who locked the doors and fastened the windows, and the mortgaged property she had bought was left in charge of this agent, in the unoccupied building, subject to damage or loss by fire, theft, or other casualties. Under these circumstances appellant desired to and did take possession of the mortgaged property in the house, by his attorney, who was accompanied by Hughes, on August 13th, and 250 printed notices of the time and place of sale were distributed throughout the town on August 16th, and on August 18th, the day fixed in the notice, the property taken was sold at public auction to the highest bidder. On August 25, 1894, appellee commenced this suit against Landenberger and Hughes before a justice of the peace, for taking and selling the mortgaged property. There was one mistrial and the second trial before the justice resulted in a verdict and judgment for the defendants, from which Julia A. Rector appealed to the Circuit Court, where a trial was had and a verdict was returned against both defendants, and plaintiff's damages were assessed at $75.

Defendant's motion for a new trial and in arrest of judgment were overruled, and judgment against defendants jointly for the damages and costs was entered. To reverse this judgment the appeal was taken and the record is brought up to this court for review.

Even if the promise relied on by appellee was made as she claims, and it was based on a good and valid consideration, by it the mortgagor did not waive his right, given by the terms of the mortgage, to take the property at any time he desired to do so, but merely promised to extend the time for the payment of the debt. The taking was not a tort, but lawful, and no action could be maintained for such taking against the mortgagor, or Hughes, who assisted therein. Where the condition in the mortgage gives the mortgagee the right to take possession of the property whenever he might choose to do so, it is a valid condition, binding on the parties, and taking such possession by the mortgagee, by virtue of the condition, is not a tortious taking. Furlong v. Cox, 77 Ill. 293.

If any cause of action accrued to appellee by reason of the sale of the property without complying with the provision that ten days' notice should be given of the time and place of sale, it would lie against the mortgagee only, and not against him jointly with Hughes, who had no right or power to, and who did not order the sale to be made. McConnell v. The People, 84 Ill. 583; Seaton v. Ruff, 29 Ill. App. 235. In this connection we desire to say that the preponderance of the evidence negatives the right to recover, even as against the mortgagee, the amount of damages assessed. The first instruction for plaintiff sets forth that if appellee bought the property in question of Hughes, subject to the mortgage, with appellant's knowledge and consent, and under his promise not to foreclose the mortgage until due, then she steps into the shoes of Hughes, and is not bound by any act of his in the disposition of the property and waiver of notice of sale, and if the evidence shows these facts, defendants would be liable for all damages plaintiff has sustained by reason of wrongful and un-

lawful taking and selling of plaintiff's property. It was error to give this instruction. The taking was lawful and under the evidence no joint liability of defendants appears. The second instruction for plaintiff is obnoxious to a like objection. The third instruction for plaintiff sets forth that if appellant took possession of plaintiff's property contrary to his agreement with her, he may be compelled to respond in damages for the wrongful taking and conversion. The taking was lawful and the instruction bad. Plaintiff's sixth instruction is wrong. There was no condition in mortgage or promise limiting the right of the mortgagee to take the property only in case he had reasonable belief appellee was about to place it out of his reach. The instructions for defendants, which the court refused to give, we think were supplied by those given on their behalf, except that modifying defendants' sixth instruction by inserting the words, "if such terms have not been changed subsequently," and modifying their first instruction by inserting the words, "if there had been no change in said terms by subsequent agreement," was error. The right to take possession of the mortgaged property was not waived or affected by any agreement shown in evidence, as we have already held.

For the errors in giving plaintiff's instructions mentioned, and modifying those for defendants, overruling motions for new trial, and in arrest of judgment, and entering judgment against defendants jointly, the judgment is reversed and the cause remanded.