(107 App. Div. 301.)

OPPENHEIMER v. MOORE et al.

(Supreme Court, Appellate Division, Second Department. August 31, 1905.)

CHATTEL MORTGAGES—RIGHT OF MORTGAGEE TO TAKE POSSESSION OF THE PROPERTY—NECESSITY OF GOOD FAITH.

A mortgagee in a chattel mortgage, who takes possession of the mortgaged property under a stipulation making it lawful for him to do so when he shall deem the property unsafe, must show that he acted in good faith, where that fact is at issue.

[Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Chattel Mortgages, §§ 282, 335.]

Appeal from Westchester County Court.

Action by Abram Oppenheimer against John Moore and another. From a judgment for defendants, and from an order denying a motion for a new trial, plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, RICH, and MILLER, JJ.

F. X. Donoghue, for appellant.
Wm. Riley, for respondents.

HIRSCHBERG, P. J. The only question which we feel called upon to discuss in determining this appeal is whether it is incumbent upon the mortgagee of a chattel mortgage, who takes possession of the property under the danger or insecurity clause, to prove that he acted in good faith, where that fact is at issue. The other questions presented by the appellant's brief were either not raised upon the

trial in any form, or the exceptions are deemed insufficient to justify a reversal.

The defendants executed to the plaintiff on August 17, 1903, a mortgage for $1,210 on a number of cows, the mortgage to mature on August 6, 1904, but to be reduced meanwhile by monthly payments of $25. The mortgage contained a provision that, in case the mortgagee "shall at any time deem said property unsafe," it shall be lawful for him to take possession of and sell the same previous to the time mentioned for the payment of the mortgage debt. On October 12, 1903, the plaintiff took possession of the cattle by virtue of this provision and shortly afterwards sold them, and the suit is brought to recover a deficiency arising on such sale. At the time of taking possession there had been no default in the monthly payments, and no demand had been made for the payment of the sum secured by the mortgage. The answer denied the good faith of the plaintiff in determining that the property was unsafe, and this provision was the one chiefly litigated on the trial. It was submitted to the jury in a charge to which no exception was taken bearing upon it, and the verdict must be assumed to have resolved it in the defendants' favor upon sufficient evidence.

This leaves for consideration only the question whether the law of this state requires that the determination of the mortgagee that his property is unsafe must be made in good faith, or whether his mere statement of his belief and his act in taking possession of the property are sufficient and conclusive. While the judicial utterances in this state are conflicting, the actual decisions seem to be in accord with the view adopted by the trial court. In Smith v. Post, 1 Hun, 516, the question does not appear to have been raised at the trial. The court said (page 518):

"The provision in the mortgage, that in case of default in payment, or in case the mortgagees should at any time deem themselves unsafe, they might take possession of the property and sell the same, was for the benefit of the mortgagees, and authorized them to take possession when there was a default, or when in their judgment they deemed it best for the safety of their demand; and no proof was required to show that they so considered themselves unsafe, as the legal presumption would be that such was the fact when possession was taken before it was due. Especially does such a presumption arise when no distinct point was made upon the trial that there was a failure of proofs in this respect."

In Allen v. Vose, 34 Hun, 57, the only point decided was that the mortgagee did establish upon the trial that he had reasonable grounds for deeming the security unsafe. It is true that Mr. Justice Haight, writing for the court, reached the conclusion that the weight of authority was in support of the doctrine that the right to take possession was absolute, but his associates expressly confined their concurrence to the last ground stated in his opinion, viz.:

"That the evidence establishes the fact that he [the mortgagee] in good faith believed himself insecure."

Referring to this case in Champagne v. Powell Medicine Co., 48 App. Div. 344, 348, 63 N. Y. Supp. 26, 28, the court said:

"In Allen v. Vose, 34 Hun, 57, the General Term of the Fifth Department has held that the act of a mortgagee in taking the property under this clause

could not be impeached upon the ground that he did not have reasonable cause to feel himself unsafe, and could only be impeached on the ground of his bad faith."

In Hyer v. Sutton, 59 Hun, 40, 12 N. Y. Supp. ·378, the point was raised on demurrer to the answer, which denied the allegations of the complaint that the plaintiff had deemed herself unsafe, and had good reason for such belief, and which alleged that:

"The plaintiff took possession of said property in bad faith, and from motives not contemplated or provided for in said chattel mortgage, or connected with the fact or feeling of the security or insecurity of said property or debt, to wit, from malice and from a pressing need for money."

The judgment overruling the demurrer was affirmed, the court holding that as the demurrer admitted that the plaintiff took the property, influenced by malice and from a pressing need of money, and not because she felt unsafe, she was not protected by the power conferred by the mortgage in so doing.

In Hawver v. Bell (Sup.) 19 N. Y. Supp. 612, the General Term in the Third Department decided that, when a mortgagee assumes to take possession of the mortgaged property under the safety clause, he must show some ground for claiming that he deems himself insecure, and that when there is any evidence on that subject it becomes a question of fact for the jury to determine whether he did in reality feel insecure, or whether it was a mere pretense for the purpose of enforcing payment of the security before maturity. The case was affirmed in the Court of Appeals (Hawver v. Bell, 141 N. Y. 140, 36 N. E. 6); Judge Earl saying upon the point now under consideration (page 142 of 141 N. Y., page 7 of 36 N. E.):

"The testator claimed the right to seize and sell the property under what is called the safety clause in the mortgage, and there was conflicting evidence as to his right to proceed under that clause. The verdict of the jury in favor of the plaintiff settles the matters thus depending upon conflicting evidence."

The judgment and order should be affirmed.

Judgment and order affirmed, with costs. All concur, except JENKS, J., not voting.