### MITCHELL v. DANE.

#### (Supreme Court, Appellate Term. May 18, 1911.)

CHATTEL MORTGAGES (§ 251*)—DEFAULT—RIGHT TO FORECLOSE.

    A chattel mortgagor of furniture sublet her apartment and the furniture, and thereafter the subtenant was dispossessed by the landlord. The mortgagor stated that the furniture had been removed, and that she did not know where it was, except that she had been informed that some of her friends had taken charge of it for her. She also declared that she did not have money enough to pay her moving expenses, and endeavored to borrow from the mortgagee, who afterwards assigned the mortgage to plaintiff. *Held*, that plaintiff was entitled to foreclosure, under a provision authorizing foreclosure whenever the mortgagee deemed the security unsafe or at any risk.

    [Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 526, 527; Dec. Dig. § 251.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Samuel Mitchell against Roma Dane. Judgment for defendant, and plaintiff appeals. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and BIJUR, JJ.

Robert L. Turk, for appellant.
Robert H. Ernest, for respondent.

SEABURY, J. This is an action to foreclose a chattel mortgage given by the defendant to secure a debt of $291, which the defendant owed to the plaintiff's assignor. The mortgage covered certain furniture owned by the defendant, which at the time the mortgage was made was in an apartment of which defendant was the lessee. The mortgage in terms provided that, at any time the mortgagee should—

"deem the security afforded by this mortgage unsafe or at any risk, then it shall and may be lawful for, and I, the said party of the first part, do hereby authorize and empower, the said party of the second part, his executors, administrators, and assigns, with the aid and assistance of any person or persons, to enter any dwelling house, store, or other premises, and such other place or places as the said goods or chattels are or may be placed, and take and carry away the said goods and chattels, and to sell and dispose of the same at public or private sale, for the best price they can obtain, and out of the money arising therefrom to retain and pay the said sum above mentioned, and all charges touching the same, rendered the surplus (if any) unto me or to my executors, administrators, or assigns."

Upon the trial the plaintiff proved that the mortgagee named in the mortgage had assigned all of his rights under the mortgage to him. He also called his assignor as a witness, and proved that the mortgagor

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

had sublet her apartment and the furniture which was subject to the mortgage, and that the mortgagor's landlord had dispossessed the persons to whom the apartment had been sublet. It was also shown that the defendant had stated that the furniture had been removed from her apartment. Subsequently the defendant told the plaintiff's assignor that she did not know where the furniture was, but that she had been informed that some of her friends had taken charge of it for her.

The court below dismissed the complaint, because he was of the opinion that there was not evidence to show that the "plaintiff feels himself insecure." The plaintiff stood exactly in the same position as his assignor. It is doubtless true that the plaintiff could not maintain his action, unless his claim that his security was unsafe was made in good faith. Oppenheimer v. Moore, 107 App. Div. 301, 95 N. Y. Supp. 138. There was nothing in the evidence to suggest that the plaintiff was not acting in good faith. The fact that the property had been removed, and that the defendant did not know where the property was, and that she declared that she did not have money enough to pay her moving expenses, and endeavored to borrow from the plaintiff's assignor, were certainly circumstances justifying the plaintiff in determining that his property was unsafe. The plaintiff established a prima facie case, and the dismissal of the complaint was error.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.