WARD VS. HENRY.

In an action by a mortgagee of goods, against an officer who has taken a *portion* of them under an attachment against the mortgagor, it is competent for the defendant to show, upon the question of damages, that the plaintiff had received his debt out of the *residue* of the goods left in his possession.

APPEAL from the Circuit Court for *Green Lake* County.

This was an action by the mortgagee of a stock of goods, against a deputy marshal of the United States, who had seized and taken away a portion of the goods under an attachment sued out by a creditor of the mortgagor. It appeared on the trial, that some of the goods embraced in the mortgage were left in the store, after the defendant took away the portion attached, and the defendant put the following questions to the plaintiff, who had been sworn as a witness in his own behalf: "How much money have you realized from the goods left, since the attachment?" "Have you not, since the attachment, realized the full amount of the notes secured by the mortgages, from the goods not attached?" The plaintiff's counsel objected to the questions, on the ground that the title to the property was in the mortgagee, and that if the plaintiff recovered at all, it must be for the full value of the goods attached. The court sustained the objection, and the defendant excepted. As the case was reversed upon account of this ruling, other points arising in it and discussed by counsel, are omitted.

*J. LaDue*, for appellant, as to the admissibility of the evidence offered, cited, *Hinman vs. Judson*, 13 Barb. (S. C.) 629; *Parish vs. Wheeler*, 22 N. Y., 511, 512; *Chase vs. Peck*, 21 N. Y., 586; *Phillips vs. Gorham*, 17 N. Y., 270; *Emmons vs. Dowe*, 2 Wis., 322.

*Wheeler & Kimball*, contra, argued that in an action between the mortgagee and a stranger—one not standing in the shoes of the mortgagor by purchase or assignment—the measure of damages is the full value of the goods. Sedgwick on Dam., 506; 3 Kern., 579, 583; 22 N. Y., 494, 512.

*By the Court*, PAINE, J. The defendants should have been allowed to show, upon the question of damages, that the

May 15.

January Term, 1862.

plaintiff had received his mortgage debt out of the goods left in his possession. When the action is brought by the mortgagee against the mortgagor, or any other having his rights, the rule of damages is, the amount of the mortgage debt. *Parish vs. Wheeler*, 22 N. Y., 511—512, 515—516. The reasons for this conclusion are fully stated in the case referred to, and it is unnecessary to repeat them. The defendant here, being an agent of attaching creditors of the mortgagor, the rule of damages should be the same as though the action had been against the mortgagor himself. The judgment is reversed, with costs, and a new trial ordered.