OF THE

# STATE OF WISCONSIN.

| 20 | 21 |
|----|----|
| 76 | 538 |

| 20 | 21 |
|----|----|
| 84 | 329 |

| 20 | 21 |
|----|----|
| 88 | 441 |

———●———

BOOTH and others vs. ABLEMAN and another.

*Replevin—Assessment of value—Value of Officer's interest in property seized on execution.*

1. In replevin, if the pleadings and evidence show that the party recovering is the general owner, or is a bailee and connects himself with the general owner, the jury are to assess the full value of the goods.

2. But if the pleadings and evidence show that the party recovering has only a special property in the goods, and that the general property is in the other party, the jury should assess only the value of such special interest.

3. When the property is replevied from a sheriff or marshal holding it under execution, and having no other interest in it than that of the execution creditor, the value of the officer's interest is, the amount of the execution, with interest and costs thereon.

4. Payments on the judgment under which such officer had seized the goods, though made *after* the commencement of the replevin suit, should be admitted in evidence for the plaintiff in that suit, in mitigation of damages.

5. *It seems* that such payment cannot be set up in *bar* of the officer's claim to damages; but he may at least recover *nominal* damages.

6. Where defendant's answer in replevin alleges that he held the goods as marshal or sheriff under an execution, &c., but does not show the amount of the execution, the burden is upon him to prove the amount, before he can have judgment for the value of the property and damages for its detention.

APPEAL from the County Court of *Milwaukee* County.

Replevin. On a former appeal (18 Wis., 495), it was held

that the defendants were entitled to judgment in the court be-
low for a return of the property (which had been delivered to
the plaintiff), or the value thereof in case a return could not be
had.    At the subsequent trial, the plaintiff declining to proceed,
the court, of its own motion, ordered a judgment of nonsuit to
be entered against him.    The defendants then read in evidence,
against plaintiff's objection, certain papers which are enumerat-
ed in the opinion, *infra*.    The jury found for the defendants ;
that the value of the property, at the time of the taking, was
$1600 ; and that the defendants were entitled to a return of it ;
and assessed their damages for the taking and detention at
$858.99.    Plaintiff moved to set aside the verdict, on the
grounds, 1st. That the only evidence of the value of the prop-
erty was plaintiff's affidavit on which the same was taken by
the sheriff.    2d. That there was no evidence of damage to de-
fendants from the taking, &c.    Motion denied : and judgment
for defendants against the plaintiff and the sureties on his re-
plevin bond, for a return of the property, or the value thereof,
as determined by the verdict, with the damages assessed for
the detention.    From this judgment the plaintiff and his sure-
ties appealed.

*Henry F. Prentiss*, for appellants, argued that the judgment
in the district court, founded upon the Fugitive Slave Law,
was void, and the plaintiff was entitled to recover in his action ;
that otherwise this court had no jurisdiction of the action, and
should dismiss it on that ground ; that the decision on the pre-
vious appeal was erroneous, because the sheriff had not taken
possession of the property under any "process" of the court,
but upon a mere order of the plaintiff: that if that order was
to be treated as process, it was fully justified by sec. 11, ch. 8,
Laws of 1857 (sec. 61, ch. 158, R. S.), and the decisions in the
Booth and Rycraft cases, 3 Wis., 1, 159.    Counsel further ar-
gued : 1. That the plaintiff's affidavit was not competent evi-
dence to prove the value of the property ; and at least could
not bind the sureties.    2. That under sec. 61, ch. 158, R. S.,

the judgment of the district court could not be enforced against the property of the plaintiff. *Beers vs. Haughton*, 9 Peters, 329 ; Rules of U. S. Dist. Court for Wis., published in 1848, p. 77 ; same published in 1859, p. 67 ; *Ross v. Duval*, 13 Peters, 45 ; *Amis v. Smith*, 16 Peters, 303. 3. The court erred in excluding evidence that the judgment under which defendants seized the property, had been paid. 4. The verdict as to damages was not sustained by any evidence ; and the previous decisions of this court imply that no judgment could be rendered herein for such damages. 5. Sec. 51, ch. 140, R. S., authorizing the entry of judgment against the sureties in the undertaking as well as against the parties to the action, deprives the sureties of their constitutional right to a trial by jury, denies them their day in court, and is void.

*J. E. Arnold*, for respondents :

1. The court properly admitted plaintiff's affidavit to prove the value of the property. R. S., chap. 128, secs. 2–7 ; *Gardner v. Ryerson*, 19 How. Pr. R., 108. 2. The plaintiff's offer of evidence was properly refused as irrelevant. 1 Burrill's Pr., 377 ; 10 Wend., 377 ; 14 East, 578. 3. Plaintiff's motion for a new trial was properly overruled. Having abandoned his action, he had no right to interpose such a motion. But even if he had, inasmuch as no special damages were claimed or offered in evidence, legal interest on the value of the property from the time of the taking was properly allowed. 1 Burr. Pr., 237 ; 2 id., 20 ; 2 Johns., 280 ; 4 id., 446 ; 7 Wend., 354 ; 8 id., 505 ; 4 Cow., 53. 4. The verdict and judgment were taken and entered up in conformity to the statute and prior decisions of this court. R. S., ch. 132, secs. 11, 31 ; ch. 140, sec. 51 ; *Pratt v. Donovan*, 10 Wis., 378 ; *Morrison v. Austin*, 14 id., 601.

DOWNER, J. This cause has been before this court several times, and the former opinions of the court are to the effect that the defendant might take judgment for the return of the property replevied, and for the value in case a return could no

be had.   We shall not, although we were urged on the argument so to do, review or reconsider any questions decided by the court on the former appeals, but shall confine ourselves to questions respecting the regularity of the proceedings in assessing the value of the property replevied and damages for the detention thereof, and the rendition of judgment.

At the trial or assessment the defendants read in evidence the affidavit of the plaintiff to prove the value of the property, the return of the sheriff showing the taking and delivery to the plaintiff of the property, and their answer showing that they claimed the same under and by virtue of a levy of an execution issued by the United States District Court against the plaintiff.   This answer is remarkable as entirely omitting to state the amount of the execution or judgment on which it was issued.   This was all the evidence; and it is clear that the value of the entire property only in the goods is proved.   The value of the special property of the defendants therein, by virtue of the levy, nowhere appears either from any pleading or evidence.

The plaintiff offered to prove that the judgment on which the execution was issued had been paid, and that there was not then anything due thereon.   The court refused to permit this evidence to be given, and the plaintiff excepted, and insists this was error.   To determine whether it was or not, we must first ascertain what is the meaning of the statute (sec. 31, ch. 132, R. S.,) where it provides for a judgment in favor of a defendant in replevin for a return of the goods replevied, or the *value* thereof in case a return cannot be had.   Is this value, for which he may have an alternative judgment, the entire value of the property in all cases?   Or is it, in those cases in which the defendant has only a special property in the goods replevied, the value of such special property?   Are the defendants in this case, if the execution under which they claim is only one-fourth the amount of the value of the property, and a lien thereon to that extent is all the interest they have therein, to re-

cover the full value thereof? If the defendants, after nonsuit, had resorted, as they might have done, to an action of trespass or trover, they could have recovered only the value of their special property in the goods at the time they were taken, and interest on that value to the time of judgment. We see no reason why a different rule should prevail in replevin. If the defendants in this case should be permitted to recover and collect a larger sum than is due on the execution, the excess they would receive for the benefit of the plaintiff, who might immediately collect the same of them. To give such a construction as this to the statute would be to permit the defendants to collect of the plaintiff money with one hand which they must immediately refund to him with the other. No such construction should prevail, unless we can reasonably give no other.

It is evident that in assessing the value of the property, whether the plaintiff or defendant recover, in case it cannot be delivered to the party recovering judgment, the court and jury are to be governed by the same principles. If the pleadings and evidence show that the party recovering is the general owner, or is a bailee and connects himself with the general owner, the jury are to assess the full value of the goods. If they show that he has only a special property in the goods, and the general property is in the other party, they are to find, as it appears to us, as the value of the property, only the value of the interest of the party recovering.

We think the true rule is, that where property is replevied from a sheriff or marshal holding it under execution, and having no other interest in it than that of the creditor whom he represents, if the defendant recovers, and the value of the property is greater than the amount of the execution, the amount of his recovery is limited to the amount of the execution, with interest and costs thereon. This is according to the plain provisions of the statutes of some of the states, and of the practice in others under statutes the same as or similar to ours. *Jennings v. Johnson*, 17 Ohio, 154; *Noble v. Epperly*, 6 Ind., 468; *Scrugham v. Car-*

*ter*, 12 Wend., 131; *Fitzhugh v. Wiman*, 5 Selden, 559; *Seaman v. Luce*, 23 Barb., 240; Sedgwick on Meas. of Dam., 501, 502.   See also, as bearing incidentally upon the point, *Ward v. Henry*, 15 Wis., 239; *Pratt v. Donovan*, 9 Wis., 378.

This being so, it follows, as it appears to us, that the plaintiff might give in evidence payments on the judgment in the United States Court in mitigation of damages.   It has been decided that the plaintiff in replevin may prove in mitigation, as the defendant in trespass may, a return of the property, or a part of it, to the defendant, after the suit was commenced, and before judgment.   *De Witt v. Morris*, 13 Wend., 496.   See also, *Harman v. Goodrich*, 1 Iowa, 13; *Belt v. Johnson*, 3 Gill & Johnson, 247.   If the plaintiff could prove, in mitigation of damages, the return of the goods to the defendants after the sheriff had delivered them to him, and thus defeat entirely the judgment for a return, and leave the defendants only the right to judgment for damages for the detention, which are frequently nominal, we see not why he ought not to be permitted to prove payment of the judgment, although the payment would extinguish the lien or special property of the defendants in the goods replevied, and defeat a judgment for a return or their value. The plaintiff, perhaps, ought not to be allowed to prove the payment of the judgment after the suit was commenced *in bar* of the defendant's right of recovery : but he might prove it in mitigation of damages, and thus reduce the recovery of the defendants to nominal damages, unless there should be circumstances to warrant exemplary damages.   The plaintiff did not offer to prove payment *in bar* of the right of the defendant to recover, and if the testimony offered was admissible for any purpose, it should have been received.   We are also of opinion that the defendants ought to have shown the amount of the execution, either by their answer or by proof: and, they not having set it out in their answer, the burden of proof was on them to show it.

*By the Court.*—The judgment of the county court is reversed, with costs, and the cause remanded for further proceedings..