Burke vs. Birchard.

BURKE vs. BIRCHARD.

REPLEVIN. *(1) What the verdict must determine. (2) New trial on reversal.*

1. On trial in the circuit court of an action of replevin commenced in justice's court, where plaintiff had obtained possession under the statute, it appeared that defendant claimed under a chattel mortgage; and the evidence was such that the jury might have found due on the mortgage either $18, or ninety cents, or nothing. The jury found that defendant was "entitled to the possession" of the property, and assessed its value at $90, and defendant's damages at ninety cents. The judgment was,

that defendant recover ninety cents damages, and the costs, and that he "have and retain the possession of said property," and that the officer return it to him. *Held*, error, in that the verdict and judgment should have determined the value of defendant's *special interest* in the property.

2. The jury having found that there is something due on the mortgage, and the proof being that the sum unpaid must be at least ninety cents, the .cause is remanded with directions that defendant be permitted, at his option, to take simply a judgment for that sum as damages, with costs; and that otherwise there be a new trial.

APPEAL from the ·Circuit Court for *Grant* County.

Replevin, commenced before a justice of the peace, for a pair of horses valued in the affidavit for the writ at $90. The defense is, that the defendant seized the horses as the agent of one Haines, by virtue of a chattel mortgage upon them executed by the plaintiff to Haines. From a judgment of the justice in favor of the defendant, plaintiff appealed to the circuit court. The defendant having failed to give a recognizance to entitle him to a return of the horses, they were delivered to the plaintiff, he having given the recognizance in that behalf required by the statute. Laws of 1873, ch. 120 (Tay. Stats., 1384, § 162).

On the trial in the circuit court, it appeared that the chattel mortgage was given to secure the payment of a note for $100 and ten per cent. interest, dated December 11, 1875, given by the plaintiff to Haines for a loan of money, on which there had been paid and indorsed $94.10. The plaintiff claimed that the note was usurious, and the testimony tended to show that the sum actually loaned was only $95. It also tended to show that the plaintiff paid Haines $100 on the note. In these particulars, however, there is a conflict of testimony. Haines testified that there was $18 due him on the note when the horses were seized. This is the verdict: "We, the jury, find the defendant entitled to the possession of the property in question, the estimated value being $90, and assess the damages at ninety cents." Judgment was rendered upon the ver-

dict, that defendant recover of the plaintiff ninety cents damages, and costs, taxed at $35.89; "that the defendant have and retain the possession of said property, and that the officer return said property to said defendant."

From this judgment plaintiff appealed.

For the appellant, there was a brief by *J. W. & J. M. Mills*, and oral argument by *J. M. Mills*.

The cause was submitted for the respondent on the brief of *L. J. Arthur*.

LYON, J. Sec. 152, ch. 120, R. S. 1858, provides as follows:

"Whenever, upon the trial of any such action [referring to an action of replevin in a justice's court], it shall appear that one party has a lien or claim upon the property in question, or a part thereof, to a part of its value only, and that the right of property in the same, subject to such lien or claim, shall be in the other party, in such case the verdict and judgment shall be according to the rights of the parties, and it shall be discretionary with the court whether the judgment shall be for a return of the property, or for damages."

In the case under consideration, the defendant stands in the shoes of the mortgagee, and can only recover what the mortgagee would have been entitled to recover, were he the defendant in the action. The case must therefore be determined on the same principles as though the mortgagee, instead of his agent, were the defendant.

The jury must have found that some portion of the mortgage debt remained unpaid. In such case, the legal title to the property in controversy, and the right to the possession thereof, was in the mortgagee, while the equity of redemption, or equitable title, remained in the plaintiff. Payment of the amount due on the mortgage debt would, *ipso facto*, vest in the plaintiff the absolute title and right of possession. The amount so due was but an insignificant portion of the value of

Burke vs. Birchard.

the property. If the original loan was but $95, the usury in the note defeated the right to recover any interest, and but ninety cents of the sum loaned was unpaid. If the note was not usurious, the interest of the mortgagee in the property was only about eighteen dollars. Under the verdict, then, both parties had a claim upon the property, and the case is clearly within the statute above quoted.

The verdict entirely disregards the statute, as does the judgment also. True, the record shows the horses in possession of the plaintiff, and the judgment is that the defendant *retain* them, and that the *officer* return them to him. But these are mere inaccuracies of expression, and we cannot doubt that, under the judgment as it stands, the defendant is entitled to a return of the property, and that his right thereto can only be defeated by paying him the assessed valuation, to wit, ninety dollars.

The plaintiff has a legal right to insist that the verdict and judgment shall determine the amount of the mortgagee's interest in or claim upon the property; and because they do not, the judgment must be reversed. The rule would doubtless be the same, had the action been originally commenced in the circuit court; for, irrespective of any statute, if it appears that the party recovering in replevin has only a limited or special property in the goods in controversy, the general property being in the other party, the jury should assess only the value of the special interest. *Booth v. Ableman*, 20 Wis., 21, and cases cited.

The amount involved in this litigation is so trifling that, although the judgment must be reversed, it is desirable to avoid the expense of another trial. The jury having found that there is something unpaid on the mortgage debt, and the proofs being that the sum unpaid must be at least ninety cents, we have concluded that the defendant may, at his option, take judgment for ninety cents damages, with costs of suit; omitting from the judgment any provision for a return to him of

the horses. This is most favorable to the plaintiff. If such judgment be not taken, there must be a new trial.

*By the Court.* — Judgment reversed, and cause remanded for further proceedings as indicated in the opinion.