Gaynor vs. Blewitt.

GAYNOR, Appellant, vs. BLEWITT, Respondent.

*October 14 — November 1, 1887.*

REPLEVIN: *Nonsuit where defendant entitled to possession: Finding of value.*

1. Where, in an action for the unlawful detention of personal property, the real question litigated is the right of possession, though the evidence for the plaintiff shows that he is the owner, yet if it fails to show that he is entitled to possession, but shows that the defendant is rightfully in possession as his bailee, a judgment of nonsuit may properly be entered on motion of the defendant.

2. On granting a nonsuit in an action for the wrongful detention of personal property, because the plaintiff's evidence shows that the defendant is entitled to possession as plaintiff's bailee, the court should assess and enter in the alternative judgment the value of defendant's special interest only, and not the value of the whole property.

APPEAL from the Circuit Court for *Fond du Lac* County. The case is sufficiently stated in the opinion.

For the appellant there was a brief by *Stark & Sutherland,* and oral argument by *Mr. Sutherland.* They argued, among other things, that the plaintiff had made at least a *prima facie* case, and to nonsuit was error. *Gay v. Fretwell,* 9 Wis. 193. The defendant's possession was a *gratuitous* loan, revocable at pleasure, and revoked by demand before suit. Story on Bailments, sec. 277; *Madgeburg v. Uihlein,* 53 Wis. 167.

*E. S. Bragg,* for the respondent.

COLE, C. J. This is an action for the unlawful detention of certain teams. It is alleged in the complaint that the plaintiff is the owner of the property, but there is no averment that he is entitled to the possession of the same. In the answer the defendant avers that the plaintiff was not, at the commencement of the action, the owner of the property, nor was he entitled to the possession thereof, but that

he himself was lawfully possessed of, and was entitled to the possession of, the whole and every part thereof, and claimed a return of the same. At the close of plaintiff's evidence, the cause was withdrawn from the consideration of the jury, and a judgment of nonsuit was ordered by the court on motion of the defendant, because of the failure of the plaintiff to show himself entitled to the possession of the property. Thereupon the court made and filed a finding of the value of the property which had been delivered to the plaintiff on the writ, and gave judgment that the property taken should be returned to the defendant, or, if a return thereof could not be had, that the defendant recover the value thereof as found by the court.

We think the judgment is erroneous. On the trial, evidence was given tending to prove that the plaintiff was the owner of the teams, but that they were in possession of the defendant under some arrangement by which he was to keep them during the summer. The teams were used during the winter in the logging business; but the defendant kept them on his farm during the summer, took care of them, and used them for the keeping. Some such arrangement seems to have been made, the precise terms of which are not very clearly disclosed. We infer, however, that the defendant had possession of the property as bailee. True, no such claim is set up in the answer, nor facts stated showing upon what his right to the possession was founded. But it is evident that the real question litigated on the trial was the right of possession. Certainly, it was not found that the defendant was the owner.

The counsel for the plaintiff says the only question presented by the pleadings was the ownership of the property, and as possession generally follows the legal title, a *prima facie* case was made for the jury. The ownership was one question put in issue; so, also, was the right of possession. It is very plain that the plaintiff failed to show that he was

entitled to the possession, whatever his proof of ownership might have been. As a matter of fact we know it often happens that the general ownership of property is in one person, while a special property with the right of possession is in another. Some such state of facts, we presume, was shown in respect to the property in controversy. Certainly, it was not found that the defendant was the owner, nor was the value of his special interest ascertained. He ought not to have a judgment for the entire value, unless he is the owner, or for an amount exceeding his special interest. This action is fully regulated by statute in the justice's court, where the interest of each party in the property is established. The rule is the same in a case commenced in the circuit court, where it appears that the party recovering had only a limited or special property in the goods, the general property being in the other party. In that case, the court or jury should assess only the value of the special interest. *Booth v. Ableman,* 20 Wis. 26; *Battis v. Hamlin,* 22 Wis. 669; *Warner v. Hunt,* 30 Wis. 200; *Burke v. Birchard,* 47 Wis. 35; *Smith v. Phillips,* 47 Wis. 202; *Woodruff v. King,* 47 Wis. 262. Applying the principle of these decisions to the case before us, and it is clear that the amount of the defendant's recovery, if a return of the property cannot be had, is limited to the value of his special interest in the property. It requires no argument to show that he should not recover the full value of the property, inasmuch as it was not found that he was the owner.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded with directions for that court, in some proper proceedings, to ascertain the value of the defendant's interest, whatever it may be, and limit the judgment to that amount in case the property cannot be returned.