A. E. GUY, *as Receiver of J. H. Allen et al.*, v. D. P. DOAK *et al.*

1. RECEIVER — *Appointment before Action Brought.* Where a receiver is appointed before the intended action is commenced, the appointment is void; but where the intended action is afterward commenced and the defendant afterward makes a voluntary appearance and presents a motion to remove the receiver, and the court or judge overrules the motion, the person originally appointed as receiver will then become such and be such from that time on.

2. REPLEVIN — *Measure of Recovery.* Where an action of replevin is commenced by a person who was appointed receiver, but whose appointment was void, and afterward, as between the parties, he becomes such receiver, and in that manner obtains an interest in the property in controversy, of which property he has the possession, while he must fail in the replevin action for the reason that when he commenced the same he had no right to do so, yet the defendant cannot recover in the action to an extent greater than his own special interest in the property in controversy.

*Motion for Rehearing.*

THE material facts are stated in the opinion herein, filed on November 7, 1891.

*Calhoun & Garwood, D. H. Ettien,* and *W. R. Hazen,* for the motion.

*Morgan, Lowrance & Mason,* contra.

The opinion of the court was delivered by

VALENTINE, J.: This case was decided by this court on June 6, 1891. A motion for a rehearing was in due time filed and afterward presented to the court, and we shall now proceed to dispose of the same. It appears that some time in April, (about the 19th,) 1888, A. E. Guy was appointed by the judge of the district court in the supposed or intended case of Ott & Tewksbury *et al.* v. D. P. Doak, J. H. Allen, and A. P. Allen, *et al.*, a receiver to take charge of the estate and property of said Allen & Allen. At that time, however,

no such case had any existence. On May 9, 1888, the supposed receiver obtained leave of the judge of the district court to commence this present action of replevin against Doak and A. T. Irvin. On May 14, 1888, the intended action of Ott & Tewsbury against Doak, Allen, Allen, and others, and the present action of Guy, receiver, against Doak and Irvin, were commenced. On July 30, 1888, Doak and Irvin and others presented a motion to the judge of the district court to remove the receiver, Guy, in the aforesaid case of Ott & Tewksbury against Doak, Allen, Allen, and others, and this motion was duly heard and considered, and was overruled. On October 18, 1888, a trial was had in this replevin case before the court without a jury, and at the close of the plaintiff's (Guy's) evidence a demurrer thereto was interposed by the defendants, Doak and Irvin, and on October 20, 1888, the demurrer was sustained. Afterward evidence was introduced, and judgment was rendered in favor of the defendant Doak, and against the receiver, Guy, for a return of the property, or, in case a return could not be had, then for the value thereof, found to be $4,977, and interest, $145.15, and damages, $737.33 — total, $5,859.48; and judgment was also rendered in favor of both the defendants, Doak and Irvin, against the plaintiff, Guy, for costs of suit. The journal entry of the district court showing these last-mentioned proceedings reads, so far as it is necessary to quote the same, as follows:

"And thereafter, on the 20th day of October, 1888, it being also one of the judicial days of said term of court, the court, after listening to the argument of counsel, and being fully advised in the premises, considers, orders, and adjudges, that said demurrer be sustained; to which ruling plaintiff excepted at the time, and the exception was allowed by the court. And thereupon, and upon said 20th day of October, 1888, the defendant D. P. Doak introduces testimony as to the value of the property taken, and as to damages to said defendant resulting from the taking and detention thereof by the plaintiff, and the plaintiff introduces testimony on the same matters. And after listening to the argument of the counsel, and being fully advised in the premises, the court finds for the defend-

ants, D. P. Doak and A. T. Irvin, and against the plaintiff, and that defendant D. P. Doak is, and at the time of the commencement of this action was, the owner and entitled to the immediate possession of the property described in the affidavit for replevin for plaintiff, and for the property obtained by plaintiff under the order of delivery issued in said action; that plaintiff under said order of delivery, on the 16th day of May, 1888, obtained possession of the property enumerated in the following schedule, and that the value of said property at the time of its passing into the possession of plaintiff was as shown in said schedule, by the figures placed opposite each item of property. [Here follows schedule.]"

The certificate of the judge of the district court appended to the case-made and brought to this court also states that the case contains all the evidence "except evidence as to value of property given after the demurrer was sustained." It also appears that this case was decided in the court below upon the theory that Guy had no possible interest in the property in controversy, and therefore that the defendants did not need to prove any interest in themselves, but only to prove the *value* of the property and *damages*, and this is probably all that they did prove. This we infer from the fact that no evidence is found in the record showing what their interest in the property was, except possibly that they were mortgagees thereof, with a possible mortgage claim against the property of about $1,808; and no evidence is found in the record introduced by themselves showing that they had any right to the property or any right to the possession thereof. We infer from the foregoing that no evidence was introduced by the defendants at all nor by either party after the demurrer to the evidence was sustained, except evidence "as to the *value* of the property taken and as to *damages*."

It is claimed by the defendants that Guy had no interest in the property when he commenced this action of replevin as receiver, for the reason that when he commenced the action he was not a receiver at all; and this for the reason that when he was appointed receiver the judge of the district court appointing him had no power or jurisdiction to make the appointment;

and this for the reason that at that time no action was pending
in which a receiver could be appointed.   To this extent we
think the decision of the district court extended, and to this ex-
tent we think its decision was correct, and this court so held in
its former decision in this case. (Ante, p. 236.)   But there is
still another element involved in this case.   When the defend-
ants and others appeared before the judge of the district court,
after the receiver was appointed and after this action was com-
menced, and before the trial therein was had, and moved the
judge to remove the receiver, which motion was
overruled, we think such proceeding had the effect
to make the receiver such from that time on, as be-
tween the parties.   As giving some support to this proposition,
we would refer to the cases relating to voluntary appearances.
(*Cohen v. Trowbridge,* 6 Kas. 385; *Carver v. Shelly,* 17 id. 472.)
But the decision of this proposition does not depend upon any
voluntary appearance on the part of the defendants, or upon
any waiver by them of previous irregularities; for at the time
of their appearance, and at the time when they made the mo-
tion to remove the receiver, and at the time when their motion
was overruled, the district court, or the judge thereof, had the
unquestioned right and the power to appoint a receiver with-
out appearance or waiver by them and without notice to them.
(See former opinion in this case.)   And by the order of the judge
overruling their motion to remove the receiver the judge un-
doubtedly intended that the receiver should, from that time on,
act as and be the receiver in the aforesaid case of Ott & Tewks-
bury *et al. v.* Doak, Allen & Allen, *et al.,* and be such receiver
for the estate and property of the said Allen & Allen, which in-
cludes the property in controversy.   And this action on the
part of the judge, with his aforesaid intention, was equivalent
to making a new appointment of Guy as receiver.   The order
overruling the motion to remove the receiver still stands unre-
versed and in full force.   If the foregoing is correct, then Guy,
from that time on, and at the time of the trial of this case, was
receiver, and had some interest in the property in controversy.
If, however, at the time of the trial, he had had no interest in

24 — 47 KAS.

the property, then the judgment of the court below giving the property or its full value to Doak would of course have been correct and could not be disturbed. (*Hall v. Jenness*, 6 Kas. 365, 366.) But as it was shown, as we now think, that Guy was receiver and did have some interest in the property at the time of the trial, it then devolved upon the defendants, Doak and Irvin, to show just what interest they had, for they had no right to recover from the plaintiff, Guy, who had the property in his possession and some interest therein more than their own special interest in the property.

It is a universal principle in replevin that where each of the parties has an interest in the property, and the party not having the possession thereof at the time of the trial recovers in the action, he should recover from the other party, as value, only the value of his own special interest in the property and not the actual value thereof. (*Wolfley v. Rising*, 12 Kas. 535; *Shahan v. Smith*, 38 id. 474; *Friend v. Green*, 43 id. 167.) In the present case we suppose that the defendants, Doak and Irvin, were mortgagees, and that the amount of their claim against the property was about $1,808; while the judgment which they obtained was for a return of the property or the value thereof, $4,977; and interest, $145.15; and damages, $737.33 —total, $5,859.48. It may be that the defendants' interest in the property is much greater or much less than $1,808, but it can hardly be said that they showed it to be greater. In fact, as we construe the record brought to this court, the defendants did not attempt to show their interest in the property, but simply showed, after the demurrer to the plaintiff's evidence was sustained, what the *value* of the property was, and what the *damages* were. Although the plaintiff failed to show that he had any right at the time of the commencement of the replevin action to commence the same, yet he showed that by subsequent proceedings he in fact obtained an interest in the property. It is admitted that the property belonged to Allen & Allen. And he showed that by the ratification on July 30, 1888, of his prior appointment as receiver of the Allens'

2. Replevin— measure of recovery.

estate, in the case of Ott & Tewksbury *et al.* against Doak and the Allens and others, he obtained an interest in the property; and therefore, while the defendants had the right to defeat his action of replevin, because he commenced it when he had no right to do so, yet they had no right to a return of the property, or the value thereof, unless they showed that they had some interest therein. And in that event they could obtain a judgment as to the value thereof only for the *actual value of their own special interest therein.* This we think follows from §§ 184 and 185 of the civil code. Under § 184 of the civil code, they had the right to show that they had a right to the property, and a right to the possession thereof; and under § 185 they then had the right to obtain a judgment in the alternative for a return of the property to them, or for the value of their special interest therein in case a return of the property could not be had, and also damages.

We think that justice demands that this case should be returned to the district court for a new trial. There is nothing in the record that shows that the defendant Doak is entitled to any such enormous judgment as he obtained in the replevin action; and, as we construe the record, there could not have been any evidence introduced in the case that would entitle him to any such enormous judgment, and in all probability no such evidence was introduced, and he is not entitled to any such judgment; but if he is, he can show it on a subsequent trial.

We think the motion for the rehearing should be allowed, the judgment of the court below should be reversed, and the cause remanded for further proceedings, and it is so ordered.

All the Justices concurring.