GEORGE R. BARSE LIVE STOCK COMMISSION CO. vs ADAMS.

Opinion delivered January 12, 1899.

1.  *Replevin—Special Interest in Defendant—Judgment.*

In an action in replevin, in which judgment is rendered for de-
fendant, for the return of certain cattle, where defendant is
not the owner of the cattle, but has only a special interest
therein, it is error under § 5181, Mansf. Dig., to render judg-
ment for the return of the cattle or their value. The judg-
ment should be for the return of the cattle or the value of
defendant's interest in them.

2.  *Agister's Lien—To What Applies.*

Defendant had a lien upon 300 head of cattle for feeding and

caring for them. He released all but 32 of them from the lien. *Held*, His lien on the cattle retained was for the full amount of the charges on the whole 300 and not the proportional part on the 32 head retained.

Appeal from the United States Court for the Central District.

W. H. H. CLAYTON, Judge.

Action in replevin by the George R. Barse Live Stock Commission Company against J. T. Adams. The court instructed a verdict for defendant, and entered judgment thereon. Plaintiff appeals. Reversed.

On November 24, 1896, appellant (plaintiff below) filed its action in replevin against appellee (defendant below) for 32 head of three year old heifers, claiming the right thereto under and by virtue of the terms of a mortgage executed to it by one Campbell Russell, a resident of Northern district, Ind. T.; and, the statutory bond having been executed, said property was delivered to appellant. The chattel mortgage under which appellant claimed was executed on February 25, 1896, and filed for record on the same day at 3 o'clock p. m. Appellee answered, setting up a verbal contract, made about November 1, 1895, with said Campbell Russell (mortgagor), to keep, shelter, feed, and care for 300 head of cattle from about November 21, 1895, until March 1, 1896, at the agreed price of $1.50 per head, with agreement that appellee should have and hold a lien upon said cattle for their keep, feed, care, etc.; that in pursuance to said agreement said 300 head of cattle were delivered to him on November 21, 1895; that said cattle were held until May 24, 1896 (some three months after filing of appellant's mortgage,) when, under an agreement with the mortgagor, Russell, appellee turned over to said Russell about 268 head

of said cattle (being the whole number except the 32 head in controversy,) making at the time, as claimed by appellee, a new contract, in which it was agreed that appellee should hold the 32 head of cattle in controversy as security for the whole amount due said appellee, as alleged, to wit, $220.50. To the allegations in said answer appellant filed a denial. Upon the issues so formed the jury, under the direction of the court, returned a verdict in favor of the appellee, as follows: "We, the jury, find for the defendant thirty-two head of cattle branded V on neck, and of the value of ten dollars per head;" and judgment was rendered thereon in accordance therewith, from which judgment appellant appeals to this court.

*Harrison O. Shepard*, for appellant.

The appellee in his answer claims only a lien upon the property in controversy for an amount less than the jury find the value of the property. Therefore, under the rule laid down by all the text writers and appellate courts, that where the successful party claims less than a full interest, the value of his interest must be fixed and the verdict should specify the amount of successful party's interest, the verdict in this case was fatally defective and will not support a judgment. Cobbey on Replevin, Sec. 1072; Farmers, Etc. vs St. Clair, 34 Mich. 518; Burke vs Burchard, 47 Wis. 35; 1 N. W. 351; Booth vs Ableman, 20 Wis. 21; Gaynor vs Blewitt, 69 Wis. 582; 34 N. W. 725; Alderman vs Manchester, 49 Mich. 48; 12 N. W. 905; Bleiler vs Moore, 60 N. W. 792; Moore vs Shaw, 40 Pac. 929; Welton vs Beltezors, 17 Neb. 399; 23 N. W. 1.

Where defendant has but a limited interest, which is less than the value of the property, judgment in his favor should not be for the full amount unless he is liable to the general owner, but should be only for the amount of his

special interest.   Cobbey on Replevin, Sec. 1136; Russell vs
Butterfield, 21 Wend. 300; Guy vs Doak, 47 Kas. 366; 27
Pac. 968; Warner vs Hunt, 30 Wis. 200; Merrell vs Wedg-
wood, 25 Neb. 283; 41 N. W. 149; Shapan vs Smith, 38 Kas.
474; 16 Pac. 749.

*W. B. Jackson*, for appellee.

A mortgagee cannot replevin cattle without first dis-
charging the lien for keeping them.   Cobbey on Replevin,
201; Brown vs Holmes, 13 Kas. 492.   A delivery of part is
not a waiver of the lien upon the rest for the whole amount
due.   1 Jones on Liens (2nd Ed.) § § 320, 411, 974, 1001;
Palmer vs Tucker, 45 Me. 316; McFarland vs Wheeler, 26
Wend. 467; Morgan vs Congdon, 4 N. Y. 552.

SPRINGER, C. J.   The error assigned by appellant in
this case is in the assessment of the amount recovered in
favor of the appellee.   The answer of the defendant in this
case alleged that the cattle in question were kept, held, and
detained for the purpose of securing to the defendant (the
appellee) the payment of the sum of $220.50, then due for
keeping and wintering 300 head of cattle, and that said sum
is still due and unpaid.   The jury, under the direction of
the court, found for the defendant, and assessed the value of
the cattle at $10 per head, which amounted to $320; and, the
plaintiff having taken possession of the cattle, and not being
able to restore them, the court's alternative judgment for
$320, the value of the cattle, was made effective against the
appellant and in favor of the appellee in this case.   The
judgment recovered exceeded the demand in the answer of
defendant by the sum of $99.50.   The contention of appel-
lant in this case is that in actions of replevin, where the
successful party claims less than a full interest, the value of
his interest must be fixed, and the verdict should specify the

amount of the successful party's interest; citing Cobbey, Repl. §§ 1072, 1136; Trust Co. vs St. Clair, 34 Mich. 518; Burke vs Birchard, 47 Wis. 35, 1 N. W. 351. In the last-cited case the court said: "Irrespective of any statute, if it appears that the party recovering in replevin has only a limited or special property in the goods in controversy, the general property being in the other party, the jury should assess only the value of the special interest." In the case of Guy vs Doak, 47 Kan. 370, 27 Pac. 968, the court said: "It is a universal principle in replevin that where each of the parties has an interest in the property, and the party not having the possession thereof at the time of the trial recovers in the action, he should recover from the other party, as value, only the value of his own special interest in the property, and not the actual value thereof." Counsel for appellee contends that the cases cited were based on special statutes of the states, which provided the kind of verdict and judgment in replevin; but that sections 5145 and 5181 of Mansfield's Digest, which are in force in this jurisdiction, require the jury to return a verdict fixing the value of the property, and the court to enter judgment for that amount, when the property cannot be returned. Section 5181 of Mansfield's Digest, cited by appellee, and relied on by him, is as follows: "Sec. 5181. In an action to recover the possession of personal property, judgment for plaintiff may be for the delivery of the property, or for the value thereof, in case a delivery can not be had, and damages for the detention. Where the property has been delivered to the plaintiff, and the defendant claims a return thereof, judgment for the defendant may be for the return of the property, or its value, in case a return can not be had, and damages for the taking and withholding of the property." This section seems to contemplate such a verdict and judgment as were rendered in the case at bar.

But it must be construed liberally, so as to promote justice, and not inflict wrong and oppression. The value of the property to be recovered in the case must be the value of the interest which the successful party has in the property. Any other construction would work great injustice in many cases. Suppose, for instance, in the case at bar there had been no agreement on the part of the appellee to release any of the 300 head of cattle which he fed, and upon which he had a lien for feeding, and that the action of replevin had been for the whole number. Their value at $10 per head would have amounted to $3,000. It would be preposterous to contend that appellee would have been entitled to a judgment for the return of the cattle, and, if they could not be returned, for their value—$3,000. He only claimed an interest in the cattle for feeding them, and a lien to secure the amount of his demand, namely, $220.50. That is all he claimed as due him in his answer, and he could not obtain a judgment in money for a greater sum than he demanded. We fully concur with the supreme court of Missouri in construing a statute similar to that in force in the Indian Territory, in the case of Dilworth vs McKelvy, 30 Mo. 153, wherein that court said: "We are not of opinion that this statute intended the entire value of the property to be assessed, except where the defendant is the absolute owner. Where the defendant has only a special interest in the property, the court or jury should assess the value of that interest. To assess the absolute value in such cases would lead to manifest injustice," etc. The court below erred in entering a money judgment in the case at bar for a greater amount than was demanded as due to the defendant. If the cattle had been replevied at the expiration of the time fixed in the verbal contract for keeping them, this court would order a remittitur for the amount in excess, and judgment for the amount demanded. But it seems that the contract time for keeping the cattle expired March 1, 1896, and that the 32 head replevied were

kept by appellee until November thereafter. He was entitled to prove the value of this extra service, and recover therefor. But it appears that he did not claim anything in his answer on this account. This is true. But he was proceeding upon the theory that he was entitled to recover the value of the cattle which he held in his possession, and that the whole value would compensate him for the extra service in keeping the pledged property. He should now be permitted to amend his answer, and set up and prove the value of his services in caring for and feeding the 32 head of cattle in question from March 1, 1896, to the time they were replevied, in November thereafter. The contract price for keeping the 300 head during the winter, and the extra compensation for keeping the 32 head from March 1st until they were replevied, constitute his interest in the cattle in question, and that amount should have been found for him by the jury, and fixed in the judgment.

The contention of appellant that the 32 head of cattle retained by appellee could only be held for the amount due on those cattle is untenable. "A delivery of a part of the goods is not a waiver of the lien upon the remainder for the whole freight. The lien is gone upon the part delivered, but remains good upon the part retained for the payment of the entire freight; that upon the goods delivered as well as that upon the goods retained." 1 Jones, Liens (2nd Ed.) §§ 320, 1001. A bailee's lien for services in respect to chattels, if not discharged or waived, remains attached to whatever part of the property may remain in his possession. A delivery of a part of the property releases the lien upon that part discharged, but does not discharge the part remaining from the burden of the whole lien, unless it was the intention of the parties to do so. Hale, Bailm. & Carr. p 230. In the case at bar there was no waiver of any part of the amount due the appellee when he discharged a portion of

the cattle, but, on the contrary, appellee contends that the 32 head retained were to be held as security for the amount due on all the cattle which were cared for by appellee. The judgment of the court below is reversed, and a new trial is awarded in accordance with this opinion.    Reversed and remanded.

TOWNSEND, J., concurs.