[No. 4200. Decided July 17, 1902.]

JOHN KEHOE, *Appellant,* v. HUGH McCONAGHY, *Respondent.*

PAYMENT — SUFFICIENCY OF EVIDENCE — NON-SUIT.

In an action of replevin to recover personal property which plaintiff had bought of defendant under an agreement to pay the price in installments, and which made time of the essence of the contract, it was error to non-suit plaintiff where his testimony showed that the balance due thereon of $225 had been paid by work done for defendant in hauling mail for him under his government contract during a period of forty-five days for which he agreed to settle with defendant for five dollars per day, or $225 in all; and the fact that on cross examination he testified that he was to receive for the hauling what the contract called for, would not destroy the value of his testimony as to the agreed rate of settlement, when there is no showing that the government contract rate was different.

REPLEVIN — JUDGMENT IN CASE OF JOINT OWNERSHIP.

A judgment in replevin in favor of defendant for the full value of the property in case its return cannot be had is erron-

eous, where plaintiff and defendant are joint owners of the property.

Appeal from Superior Court, King Ccunty.—Hon. WILLIAM R. BELL, Judge. Reversed.

*Byers & Byers,* for appellant.

*James J. McCafferty, William Martin* and *Alfred Martin,* for respondent.

The opinion of the court was delivered by

HADLEY, J.—This suit was brought by appellant against respondent to recover possession of a team of horses, together with harness and wagon, all valued at $325. Appellant filed a delivery bond, and the property was taken by the sheriff. Respondent filed no bond, and the property was delivered by the sheriff to appellant. Each of the parties alleges ownership and right of possession. The cause came on for trial before a jury, and at the conclusion of appellant's testimony respondent moved for a non-suit, which was granted by the court; and judgment was thereafter entered in favor of respondent and against appellant for the return of the property, or for the sum of $325, the value thereof.

It is assigned that the court erred in granting respondent's motion for a non-suit. Appellant's evidence showed that the property in question was taken from his driver by respondent, and this suit was brought to recover its possession; further, that on and prior to the 23d day of May, 1900, appellant and respondent each owned an undivided half interest in the property in question, and that on said date they entered into a written agreement by the terms of which respondent agreed to sell, and appellant agreed to buy, respondent's undivided half interest in said property, together with other personal property similarly

owned, and theretofore used by the parties in draying and carrying mail in the city of Seattle. The price agreed upon for said half interest in all the property described in the written agreement was $425, payable as follows: $100 August 15, 1900; $100 November 15, 1900; $100 February 15, 1901; $100 May 15, 1901, and $25 August 15, 1901. It was further agreed that respondent would convey his interest in said property, provided said purchase price was paid as above set forth. Time was expressly made of the essence of the agreement, and it was provided that if appellant failed to make the payments, or any of them, as above stated, the agreement was to become void, and respondent should retain any and all payments made. Meanwhile appellant was to keep the horses at his own expense, and keep in repair the other property. It was testified by appellant that in due time the first two payments were made in cash, and that the remaining $225 was paid by work done for respondent in hauling mail to and from the post office at Seattle; that he and one other man in his employ, with two teams, worked forty-five days while respondent was away from Seattle, in October and November, 1900. He further testified that he was to receive for this work what it was reasonably worth, and that its reasonable value was $8 per day, but that he agreed to settle with respondent for $5 per day, or $225 in all. On cross-examination he said he was to receive for the work what the contract called for,—presumably referring to respondent's mail contract with the United States,— and it is insisted by respondent that the evidence does not disclose what that contract rate was. Appellant did say, however, that the final agreed rate for settlement was $5 per day, and the value of that testimony is not necessarily destroyed by saying that it was to be at the government contract rate. There is nothing in the evidence to show

that the contract provided for another or different rate from that which appellant named in his testimony. We therefore think there was evidence to go to the jury as to whether appellant had paid for this property, and was consequently entitled to its possession. Under the evidence as it stood, we think it was error to grant the nonsuit.

Under the second assignment of error, it seems that the judgment must be erroneous, even if the non-suit were properly granted. It calls for the return of the property, or for $325, its value. The admitted full value of the property was $325. Prior to the alleged sale and transfer, each party owned an undivided half interest in it. The contract of sale related to respondent's half interest only. If the payments were made under the contract, the whole property became that of appellant; but, if not, respondent remained the owner of his half interest. If they continued to be joint owners, they are entitled to the joint possession of the property. If appellant has placed it beyond his power to return it to such joint possession, we are unable to see by what right respondent can claim judgment for more than the value of his interest, which is admittedly one-half of $325.

"On granting a nonsuit in an action for the unlawful detention of personal property the real question litigated is the right of possession. If the evidence shows that the plaintiff is the owner, only failing to prove that he is entitled to possession, the court should enter an alternative judgment for the defendant, assessing in it the value of his special interest only, but not the value of the whole property." Cobbey, Replevin (2d ed.), §1207.

See also, *Gaynor v. Blewitt,* 69 Wis. 582 (34 N. W. 725); *Farwell v. Warren,* 76 Wis. 527 (45 N. W. 217).

The principle must be elementary, as no other rule

would seem to be founded in reciprocal fairness between man and man.

We think the judgment was therefore erroneous in any event, and it is reversed, and the cause remanded, with instructions to overrule the motion for non-suit.

REAVIS, C. J., and FULLERTON, MOUNT, ANDERS and DUNBAR, JJ., concur.