**Moses FIELDS, Plaintiff in Error,**

v.

**Fred SEWELL, Defendant in Error.**

**No. 39737.**

Supreme Court of Oklahoma.

Jan. 22, 1963.

Rehearing Denied Feb. 19, 1963.

Cecil E. Robertson, Muskogee, for plaintiff in error.

Douglas Garrett, Muskogee, for defendant in error.

JOHNSON, Justice.

Fred Sewell, hereinafter called plaintiff, commenced an action in the justice of the peace court against defendant, Moses Fields, to recover a colt. Judgment was for the plaintiff, and defendant appealed to the district court, and on trial to that court judgment was again entered for plaintiff, from which judgment defendant has appealed.

The action grew out of the following situation: Plaintiff owned a mare and having no place to keep it delivered it to Leonard (Mack) Smith, hereinafter referred to as Smith. Smith kept the mare for about a year, and Smith and plaintiff agreed to deliver the mare to the defendant to break. The mare was delivered to defendant and kept by him for a period of from fourteen months to two years, depending on the testimony of various witnesses as to which period was correct. During this period the mare foaled the colt in question. It was a three year old at the time of the trial in December, 1960.

Plaintiff testified that the mare was delivered to defendant to break and that plaintiff agreed to pay the defendant for this service $15.00; that the defendant never complied with the agreement to break the mare and that she was wild and unbroken when returned.

The theory of the defendant is that he is entitled to the colt on which he has a lien for pasturage and training of the mare. He filed a cross-petition seeking to recover $200.00. It was also developed that at about the time the action was commenced herein defendant filed a suit in the justice

of the peace court against Smith to recover $200.00 for pasturage and breaking the mare. This suit was still pending at the time of the trial of the case under consideration. The mare was returned to the possession of plaintiff by him, but when the possession of the colt was demanded defendant refused to deliver the same to plaintiff, whereupon plaintiff brought this action.

The chief argument advanced by the defendant for reversal is that the trial court erred in refusing to enforce a lien on the colt for pasturage and training of the mare. Defendant cites 4 O.S.1961, Sections 191 and 193; and also relies on Hall v. Black, 93 Okl. 148, 220 P. 50; and George R. Barse Live Stock Commission Company v. Adams, 2 Ind.T. 119, 48 S.W. 1023. These sections and the cases cited would be applicable if the contested question of fact had not been resolved against the defendant by the trial court. Defendant apparently believed he had an action against Smith for pasturage and breaking the mare when he filed his action in the justice of the peace court. There is substantial evidence that plaintiff made no agreement to pay any expenses incident to the pasturing and training of the mare except the $15.00 to break the mare. There is no evidence that plaintiff had any agreement about pasturing or training the colt. In fact, there is substantial evidence that the defendant concealed from the plaintiff the fact that the mare had a colt. It is not claimed that defendant ever informed plaintiff that the mare had foaled.

■ In Muskogee Industrial Finance Corporation v. Perkins, Okl., 361 P.2d 1065, it is stated:

> "Where a jury is waived in a law action and the cause is tried to the court, the judgment will be given the same effect as the verdict of a properly instructed jury, and if reasonably supported by any competent evidence will not be disturbed on appeal."

■ There is ample evidence to support the judgment of the trial court.

Judgment affirmed.

BLACKBIRD, C. J., HALLEY, V. C. J., and WELCH and DAVISON, JJ., concur.

WILLIAMS, JACKSON, IRWIN and BERRY, JJ., dissent.