Frank Del Vecchio, J.
By this action plaintiffs — as vendors under an executory contract of sale — seek to foreclose defendant Bernice I. Brewer —vendee under the contract — from any interest in property known as the Bound Barn Farm in the County of Oneida, New York.
The complaint alleges that the defendant purchaser defaulted in her obligations under the contract, including upkeep of the farm, payment of taxes and insurance and care of certain farm stock and equipment on which plaintiffs hold a chattel mortgage, all of which entitles plaintiffs to declare the entire purchase sum due and to maintain the present action to enforce payment thereof by sale of defendant’s interest in the property and to obtain a deficiency judgment for the balance.
The answer denied nonperformance by defendant vendee and and also asserts that, because of certain conduct by plaintiffs in seizing and selling the stock held subject to the chattel mortgage, the purchaser of the farm is relieved from the obligations imposed on her by the purchase contract. This latter contention is also the basis of a counterclaim asserted by defendant vendee for wrongful appropriation of the farm stock.
With regard to the issue of the purchaser’s compliance with the terms of the' sales agreement, there was some conflicting evidence introduced at the trial. However, after seeing and hearing the witnesses and considering all the proof, this court, finds that plaintiffs have established a failure by defendant vendee properly to perform the obligations imposed on her by the purchase contract.
*926 We come then to the question whether performance was excused or wrongfully prevented by any acts of plaintiffs which were in violation of said defendant’s rights.
It is undisputed that in December, 1955 — about nine months after defendants had entered into possession of Round Barn Farm — plaintiffs removed from the property 34 cows, 1 bull and 6 milk cans which were subsequently sold at auction at a price of $3,058 to be credited to defendant in the present action. The above stock and equipment were covered by a chattel mortgage given by defendant to plaintiffs in connection with the purchase of the farm, stock and equipment to secure payment of $14,300 being the balance due thereon. The parties do not agree as to whether the instrument was executed simultaneously with, or subsequent to, execution of the purchase contract, it does not appear however that the matter is of any importance in deciding the issues which are determinative of this action. There is no question that the mortgage contained an ‘ ‘ insecurity clause ” authorizing the mortgagees at any time they deemed themselves, the property, debt or security unsafe to take possession of the chattels and sell the same at public or private sale, applying the net proceeds therefrom to the principal obligation. It was under this clause that the stock and milk cans were seized and sold, plaintiffs claiming that defendants by their failure to feed and care for the stock and the farm were violating the terms of the purchase contract and diminishing the value of the property and security.
It is clear that forfeiture clauses of the kind here provided are valid. (Eager on the Law of Chattel Mortgages and Conditional Sales, § 176.) When circumstances are such that the mortgagee might reasonably believe himself insecure or the property unsafe, and he acts in good faith, he may repossess the chattels and direct their sale. (Darling v. Hunt, 46 App. Div. 631; Hall v. Sampson, 35 N. Y. 274; Hathaway v. Brayman, 42 N. Y. 322, 325.) The critical issues are the good faith of the mortgagee and the reasonableness of his belief as to insecurity. (Oppenheimer v. Moore, 107 App. Div. 301; Harvey v. Weaver, 201 N. Y. S. 274.)
In the case at bar there was some dispute as to the condition of the farm stock and the care with which defendants maintained it. On these issues, the court finds in favor of the plaintiffs who, it is concluded, had reasonable grounds and acted in good faith in preserving the security of their debt by retaking the mortgaged property.
Defendants seem to argue that, because the provisions of section 239 et seq. of the Lien Law were not complied with in *927 the retaking, plaintiffs’ actions were improper. The sections referred to set up certain requirements with regard to giving notice of an intention to retake. It should be noted however that the provisions cited, as they then read, referred to a chattel mortgage given to secure “ the unpaid purchase price of goods, wares or merchandise, amounting to fifteen hundred dollars or less, sold for any use other than a commercial or business use ”. (L. 1950, ch. 823, § 19.)
There is serious question whether the items sold come within these sections which specifically apply only to property sold “ for any use other than a commercial or business use”. It is obvious that at the time the contract for the sale of the farm and stock was executed the parties intended that the realty and personalty sold — and particularly the cattle and milk cans with which we are here concerned — were to be used in the operation of the farm for profit. In fact, the agreement provided for payment of the balance due by assignment of half the milk checks to be realized from the dairying activities. In those circumstances, this court is of the opinion that the mortgaged chattels fell within the exclusion of section 239 of the Lien Law as property sold for business use.
Furthermore, before defendants would be entitled to the benefits provided by the sections in question, it would have to appear that the property seized was sold for $1,500 or less. Both the sales contract and the chattel mortgage include the real and personal property in a lump sales price of $16,300. Nothing has been offered by defendants to show that of that amount the mortgaged chattels represented $1,500 or less. The court is not at liberty by speculation to fix such a price in order to bring defendants within the protection of the Lien Law, especially in view of testimony by one of defendants’ own witnesses that the total sales price of the cows was ‘1 over $7,000 ’ ’ and proof that the stock when sold on foreclosure brought a gross price in excess of $3,000.
Upon all the proof, this court is of the opinion that plaintiffs were justified and acted properly in reclaiming the stock and equipment in December, 1955. It follows that defendant vendee was not excused from performing her obligations under the purchase contract.
Plaintiffs are entitled to a judgment foreclosing defendant Bernice I. Brewer and all persons claiming under her from any right, title, interest, claim, lien or equity of redemption in and to the land in question, directing that her interest in the land be sold according to law and that from the proceeds therefrom which should be brought into court plaintiffs shall be paid the *928 amount due them together with interest and costs and expenses of this action, directing that the defendant Bernice I. ■ Brewer shall pay to plaintiffs any deficiency remaining thereon, and dismissing the counterclaim pleaded in the answer.
Prepare order and findings accordingly.