**Gene Rudolph MILTON, Appellant,**

v.

**GEICO'S FEDERAL CREDIT UNION,**
**Appellee.**

No. 2389.

Municipal Court of Appeals for the
District of Columbia.

Argued May 11, 1959.

Decided Oct. 1, 1959.

Claude A. Thompson, Washington, D. C.;
for appellant.

Howard J. McGrath, Washington, D. C.,
for appellee.

Before ROVER, Chief Judge, and
HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Defendant-appellant is before us contending that the trial court erred in dismissing with prejudice his counterclaim against plaintiff-appellee for compensatory and punitive damages. He argues that the seizure and sale of his automobile by appellee under a deed of trust was unlawful and he was therefore injured. The trial court ruled that appellee lawfully seized and sold appellant's automobile because it did so according to the terms of the deed of trust which the parties signed.

Although appellant has urged several errors, and we have duly considered all of them, the only one of substance and the issue in the case is whether that ruling was correct.

Appellee brought this suit for a judgment in the amount of the deficiency between a promissory note and the sum realized from the sale of the automobile. The note was made by appellant for a loan from appellee. It was secured by a deed of trust on appellant's vehicle and the record indicates that appellant had not defaulted in his payments. However, appellee did not repossess and sell the vehicle due to default in payments. Rather it did so because the security was endangered.

The deed of trust contains, among other provisions, the following clause:

"And Upon the Further Trust, at any time hereafter, whether said note shall be due or not upon the security hereby given being in anywise endangered in the opinion of the holder of the note described, * * * by the rendering of a judgment or decree for the payment of money against said party of the first part [appellant] * * * then * * * the holder or holders of said note, * * * [shall] * * * take

possession of said automobile and sell the same * * *."

The deed and note were made in June 1957. In November of that year and in February 1958, personal judgments by default were entered against appellant in the Municipal Court by strangers to this action. Although the exact nature of those two suits is not indicated by the record, it does appear that appellant owed money in the amount of the judgments. These caused appellee to exercise its rights under the terms of the trust deed. In the trial court appellee voluntarily dismissed its suit and moved for dismissal of the counterclaim with prejudice, which was granted.

Appellant has assigned the ruling of the trial court as error, but his argument is directed at the alleged evils of a general insecurity clause in a deed of trust. This is a difficult proposition to maintain because the type of insecurity clause he argues about is not found in the document he signed, and the construction given to this deed of trust by the trial court was not erroneous. The court simply ruled that appellee, in view of the default judgments entered against appellant, could seize and sell the vehicle. Since appellant had executed a document which permitted appellee this course of action, that ruling was correct.

Concerning appellant's argument that no one would ever purchase an automobile if he thought the car might be taken when the finance company felt insecure, it is pointed out that this deed of trust did not contain a vague and nebulous insecurity clause. We believe the clause within this deed permits the mortgagee or the holder of the note to act only upon the conditions specified therein, one of which is the rendering of a judgment against appellant. That was to appellant's benefit for the clause did not permit the mortgagee to take possession whenever it should choose to do so,[1] nor

did it allow action by the mortgagee even if it had a reasonable feeling of insecurity.[2] This trust deed, allowing action on certain conditions, was more limited in its scope and as such requires no further comment.

Affirmed.

---

1. See, for example, Robinson v. Gray, 1894, 90 Iowa 699, 57 N.W. 614, 23 L.R.A. 780 (1915).

2. See Annotation, 1940, 125 A.L.R. 313; Boak v. Brewer, 1957, 5 Misc.2d 924, 160 N.Y.S.2d 146, 148.